IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:18-cv-0186-M |
| § | |
| **ARISEBANK,** § | |
| **JARED RICE SR.,** and § | FILED UNDER SEAL |
| **STANLEY FORD,** § | |
| § | |
| Defendants. § | |
| § | |

### *EX PARTE* ORDER GRANTING TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND OTHER EMERGENCY AND ANCILLARY RELIEF, AND SETTING HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This matter came before the Court this 25th day of January, 2018, on motion of the Securities and Exchange Commission ("SEC") for the issuance of an order granting, *ex parte*, certain emergency relief against Defendants AriseBank, Jared Rice Sr., and Stanley Ford (collectively the "Defendants").

The SEC seeks orders: (1) temporarily restraining and preliminarily enjoining the Defendants from engaging in certain violative conduct; (2) freezing the assets of the Defendants and any entity over whose banking, brokerage, and other accounts any of the Defendants has signatory authority or over which any of the Defendants otherwise exercises, directly or indirectly, control; (3) prohibiting the Defendants from moving, altering, or destroying books, records, and accounts; (4) requiring each of the Defendants to provide a sworn accounting; (5) authorizing expedited discovery; (6) permitting alternative service; (7) requiring Rice and Ford to surrender their passports; (8) requiring the Defendants to repatriate assets; and (9) setting a hearing on the SEC's motion for a preliminary injunction.

Having considered the SEC's motion, its brief in support, its appendix (including declarations and other exhibits), and the argument of counsel, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint and in its motion.

2. There is good cause to believe that the Defendants have engaged, are engaged, and, unless enjoined, will continue to engage, in acts and practices that constitute and will constitute violations of Sections 5(a), 5(c), and 17(a)(2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)(2)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

3. There is good cause to believe that the Defendants used improper and unlawful means to obtain investor funds and assets, as described in the SEC's Complaint and its accompanying motion and brief. There is also good cause to believe that the Defendants may dissipate assets and, if they do, irreparable injury or harm would result to investors.

4. There is good cause to believe that the assets, in whatever form they exist, that are owned, controlled, or possessed by Defendants should be frozen to preserve the status quo and to prevent any misappropriation, misapplication, dissipation, or other action taken to the detriment of investors.

5. There is good cause to believe that requiring notice to the Defendants of the SEC's motion for this Order would result in immediate and irreparable injury, loss, or damage to investors and to the SEC.

6. There is good cause to believe that it is necessary to preserve and maintain the business records of the Defendants by prohibiting them from being moved, altered, or destroyed.

7. There is good cause to believe that it is necessary to quickly identify all assets in the Defendants' possession or control.

8. There is good cause to believe that Defendants Rice and/or Ford may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged in the SEC's Complaint and underlying motion.

9. There is good cause to believe that investor funds and assets may have been removed or transferred from the territory of the United States to another jurisdiction.

10. This proceeding is one in which the SEC seeks a preliminary injunction.

11. Expedited discovery is appropriate to permit a prompt and fair hearing on the SEC's motion for preliminary injunction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**I.**

The Defendants are temporarily restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, singly or in concert with others:

i. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell through the use or medium of any written contract, offering document, prospectus, or otherwise, any security as to which no registration statement was in effect;

ii. for the purpose of sale or delivery after sale, carrying or causing to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities as to which no registration statement was in effect; and

iii. making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any written contract, offering document, prospectus, or otherwise, securities as to which no registration has been filed.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of the Defendants; and (b) other persons in active concert or participation with the Defendants, or with anyone described in (a).

**II.**

The Defendants are temporarily restrained and enjoined from violating Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, by at least negligently obtaining money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of the Defendants; and (b) other persons in active concert or participation with the Defendants, or with anyone described in (a).

**III**.

The Defendants are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase

or sale of any security, knowingly or recklessly making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) the officers, agents, servants, employees, and attorneys of the Defendants; and (b) other persons in active concert or participation with the Defendants, or with anyone described in (a).

**IV.**

The Defendants are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset (tangible or intangible), pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer, financial institution, depository (or other) institution, coin exchanges, entity, or individual holding accounts or assets for or on behalf of any of the Defendants shall make no transactions in assets, securities, investments, funds, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets (excepting liquidating necessary as to wasting assets) and no disbursement of assets, securities, investments, funds, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Defendants, unless otherwise ordered by this Court.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of the Defendants; and (b) other persons in active concert or participation with the Defendants, or with anyone described in (a).

**V.**

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, financial institution, coin exchange, depository (or other) institution, entity, or individual either by United States mail, email, facsimile, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order, as if such service were personal service, to restrain and enjoin any such bank, company, institution, exchange, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of the Defendants, or any companies or persons or entities under their control.

**VI.**

The Defendants, and any entities or affiliates under their control, are restrained and enjoined from destroying, removing, mutilating, altering, concealing, secreting, or disposing of, in any manner, any of their books, records, documents, accounts, account passwords, encryption passwords, computer passwords, device PINs and passwords, cryptographic keys, or any instruments, data, and papers relating in any manner to the matters set forth in the SEC's Complaint and the underlying motion and brief, unless otherwise ordered by this Court.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of the Defendants; and (b) other persons in active concert or participation with the Defendants, or with anyone described in (a).

### VII.

The Defendants are each ordered to provide, within seven (7) calendar days of the issuance of this Order or three (3) days prior to any hearing on the SEC's motion for preliminary injunction (whichever is first), an accounting, under oath, detailing (a) all investor monies, assets, digital currencies, virtual currencies, cryptocurrencies, securities, and other benefits received by each, directly and indirectly, as a result of the activities alleged in the SEC's Complaint and the underlying motion and brief, (b) all assets (tangible and intangible) wherever they may be located and by whomever they may be held, and (c) all accounts, virtual currency accounts, and virtual currency wallets held during the period from January 1, 2017 through the date of the accounting.

### VIII.

A. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

B. Any party may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours.

C. All parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things.

D. All parties shall serve written responses to any other party's request for discovery. Responses by the Defendants, and the interim accounting to be provided by each of them, shall be sent to the SEC addressed as follows:

> United States Securities and Exchange Commission
> Fort Worth Regional Office
> Attention: Chris Davis
> Burnett Plaza, Suite 1900

>801 Cherry Street, Unit #18
>Fort Worth, TX 76102-6882
>DavisCA@SEC.gov
>Phone: (817) 978-3821
>Facsimile: (817) 978-4927

The SEC's responses shall be sent to the other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including by email and facsimile machine.

**IX.**

The United States Marshal in any district in which any of the Defendants reside resides, transacts business, or may be found, is hereby authorized and directed to make service of process at the request of the SEC. Furthermore, the SEC is permitted to effect service of all pleadings and other papers, including court orders, by facsimile, overnight courier, email, or mail upon the Defendants and their agents or their attorneys or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

**X.**

Defendants Rice and Ford shall surrender their passports to the Clerk of the Court and they are barred from traveling outside the United States, until further Order of this Court.

**XI.**

The Defendants, and their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, shall:

    (A)    take such steps as are necessary to repatriate to the territory of the United States all funds, assets, securities, investments, digital currencies, virtual currencies, and cryptocurrencies of investors described in the SEC's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and

    transfer such funds into the Registry of the United States District Court, Northern District of Texas; and

(B)  provide the SEC and the Court a written description of the funds, assets, securities, investments, digital currencies, virtual currencies, and cryptocurrencies so repatriated.

## XII.

The hearing on the SEC's motion for a preliminary injunction shall take place at **9:00 a.m. on Thursday, February 8, 2018**, in Courtroom 1570 or at such other time or place as counsel may be heard, and that the Defendants shall serve any papers in opposition to the SEC's motion so as to be received by the SEC and the Court no later than **February 6, 2018, at 5:00 p.m.**  Service shall be made by email to Chris Davis, Senior Trial Counsel, at DavisCA@sec.gov, and by overnight delivery of the papers to the Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas, 76102, or such other place and person as counsel for the SEC may direct in writing, and by hand delivery of a courtesy copy to the Court and to the Clerk's Office for filing.

**IT IS SO ORDERED,** this 25th day of January, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE