# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| **ARISEBANK,** § | Civil Action No. 3:18-cv-0186-M |
| **JARED RICE SR., and** § | |
| **STANLEY FORD,** § | |
| § | |
| Defendants. § | |
| § | |

### RECEIVER'S INITIAL STATUS REPORT FOR
### RECEIVERSHIP ESTATE OF ARISEBANK

Pursuant to paragraph 52 of this Court's Order Appointing Receiver in this case, entered January 25, 2018 (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this initial status report:

### BACKGROUND

1.     On January 25, 2018, the Securities and Exchange Commission filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the appointment of a receiver for the Receivership Entities. After reviewing the application, the Court concluded that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets, tangible and intangible, that are owned, controlled or possessed by the Receivership Entities.

2.     Accordingly, on January 25, 2018, the Court entered the Receivership Order appointing Mark Rasmussen as Receiver for Defendant AriseBank and its affiliates. That same

day, the Court also entered an order *ex parte* granting a temporary restraining order, an asset freeze and other relief, and set a hearing on the SEC's motion for a preliminary injunction (the "TRO").

3.  On January 26, 2018, the Court entered orders authorizing the Receiver to employ Jones Day as legal counsel and Kroll Cyber Security as a forensic and investigative consultant. Also on January 26, 2018, Defendants Jared Rice and AriseBank were served with the summons, complaint, TRO, and Receivership Order.

4.  The Receiver has been informed that Defendant Stanley Ford is located in Dubai, United Arab Emirates. On January 26, 2018, Receiver's counsel sent via email a copy of the Receivership Order to an email address that the Receiver understands Mr. Ford controls. On January 31, 2018, the Receiver spoke with Mr. Ford on the phone, and Mr. Ford confirmed that he had received the Receivership Order.

5.  On February 5, 2018, the Court granted the unopposed motion filed by the SEC and Defendants AriseBank and Jared Rice for an order extending the TRO until February 22, 2018. On February 16, 2018, the Court granted a second unopposed motion filed by the SEC and Defendants AriseBank and Jared Rice for an order extending the TRO until March 13, 2018.

6.  The Receivership Order requires that the Receiver file an initial status report to the Court within 30 days of the Receivership Order:

> Within thirty (30) days after the entry date of this Order, the Receiver shall file a status report with the Court. The status report will include a summary of receivership activities to date. It will also include a proposed plan for administering the receivership going forward, as well as a proposed deadline by which the Receiver will submit the Liquidation Plan.

7.  In satisfaction of this requirement, the Receiver submits the following report covering the period January 25, 2018 through February 24, 2018.

## SUMMARY OF RECEIVERSHIP ACTIVITIES

8. During the reporting period, the Receiver has focused most of his efforts on investigating, identifying, collecting, and preparing an inventory of assets of the Receivership Entities. The principal assets recovered include cryptocurrency, U.S. currency, electronic data, and physical assets such as computer equipment.

9. On January 26, 2018, the Receiver was able to collect and search computer equipment belonging to the Receivership Entities and interview Mr. Rice and three of his associates at a temporary residence in Wills Point, Texas, following the FBI's execution of a search warrant at that location.

10. Through that search and those interviews, the Receiver identified and took control of certain cryptocurrency assets. In addition, the Receiver collected other assets at the Wills Point site and from an office site in downtown Dallas, Texas that had been leased on behalf of AriseBank.

11. Additional actions the Receiver and his advisors have taken include, but are not limited to, the following:

    a. Establishing a Receiver website (arisebankreceiver.com), email address (mail@arisebankreceiver.com), and phone numbers (214-969-2950; 1-833-472-0789) so that contributors to the ICO can receive information pertaining to the receivership;

    b. Identifying AriseBank cryptocurrency wallets and/or accounts containing the cryptocurrencies Bitcoin, Ether, Litecoin, Dogecoin, Bitshares, BitUSD, and PIVX, and transferring the cryptocurrency to wallets controlled by the Receiver;

    c. Taking control of an AriseBank Bank of America account and requesting a transfer of the entire account balance to be sent to the Receiver;

    d. Securing the cooperation Mr. Rice's lawyers to take possession of certain receivership assets that had been transferred to those lawyers;

e. Engaging Kroll to inventory and image computers and phones collected from the temporary residence of Mr. Rice;

f. Locating and taking control of computer servers located in the United States, France, the Netherlands, and Germany;

g. Shutting down the website for AriseBank;

h. Analyzing the contents of select servers related to Defendants' ICO;

i. Obtaining an expedited order to compel Mr. Rice to appear and show cause why he should not be held in contempt for failing to comply with the Receivership Order;

j. Attending a hearing on the order to show cause issued by Court to Mr. Rice and negotiating an agreement with him and his counsel beforehand to secure his assistance in identifying additional assets of the Receivership Entities;

k. Securing personal property owned by AriseBank at a commercial address that had been leased on behalf of Defendant AriseBank;

l. Changing the locks on a commercial address that had been leased on behalf of Defendant AriseBank;

m. Negotiating with a commercial landlord to secure the return of a security deposit and rent payment;

n. Serving subpoenas on cryptocurrency exchanges and other third parties to locate additional assets;

o. Deposing a third party who had recently received significant cryptocurrency from AriseBank and inquiring about assets of the Receivership Entities; and

p. Sending notices of the Receivership Order to multiple third parties.

## ASSETS AND LIABILITIES

12. The Receiver's investigation of the assets and liabilities of the Receivership Entities is still at an early stage. The Receiver is continuing to try to identify other assets by analyzing computers and servers that have been collected, issuing subpoenas to various third

parties, contacting former employees and agents of AriseBank by phone and email, and communicating with Defendant Stanley Ford.

13.   To date, the Receiver has had the opportunity to interview Mr. Rice twice in person, Mr. Stanley briefly over the phone, and only a few other former employees or agents of the Receivership Entities.  In addition, Receiver's counsel has deposed one third party.  The Receiver plans to interview and/or depose other interested parties who may have information regarding assets and liabilities of the Receivership Entities.

14.   Under the Receivership Order, within seven days of the entry of that order, Defendants were required to serve upon the Receiver and file with the court a sworn statement listing all of the property of the Receivership Entities; all employees and other agents who have acted for the Receivership Entities; and the names, addresses, and amounts of claims of all known creditors of the Receivership Entities.  Defendants did not provide that sworn statement within the deadline.

15.   On February 2, 2018, the Receiver moved for an expedited order compelling Mr. Rice to appear and show cause why he should not be held in contempt for failing to comply with the Receivership Order.  At the show cause hearing, on February, 9, 2018, the Receiver and Mr. Rice agreed, with the consent of the Court, to postpone the hearing to allow Mr. Rice time to meet with the Receiver to identify additional assets and comply with the Receivership Order.

16.   To that end, after the hearing, the Receiver and his counsel interviewed Mr. Rice, together with lawyers, at the Receiver's offices about other assets of the Receivership Entities.  As a result of these and other efforts, the Receiver has identified and secured additional assets, including cryptocurrency and U.S. dollars.

17. On February 15, 2018, Mr. Rice filed an accounting affidavit that purports to list incoming deposits to an AriseBank bank account, outgoing transactions from an AriseBank bank account, confirmed contributions to the AriseBank ICO, and unconfirmed contributions to the AriseBank ICO, as well as other accounting items. The Receiver is analyzing this accounting affidavit and supporting exhibits.

18. The Receiver has had to expend significant resources to identify as many of the assets and liabilities of the Receivership Entities as he could through analyzing the computer equipment he obtained, the information provided by Mr. Rice, and other means.

19. To date, the Receiver has identified and secured the following assets of the Receivership Entities:

| **Asset** | **Estimated Value or Amount** |
|---|---|
| Bank Account at Bank of America | $200,000.00 |
| Other funds | $200,000.00 |
| Bitcoin | 27.96 coins |
| Doge | 196,131.04 coins |
| Litecoin | 271.33 coins |
| Ether | 218.73 coins |
| Bitshares | 2,391,455.51 coins |
| PIVX | 19,413.76 coins |
| BitUSD | 3599.99 coins |
| Various computers, televisions, and smart phones | $5,000-$10,000 |

20. Under the Receivership Order, the Receiver was directed to establish one or more custodial accounts at a federal insured bank to receive and hold all cash equivalent property of the Receivership Entities. The Receiver has set up such an account in the name of "Receiver's Account, Estate of AriseBank." In addition, the Receiver has established multiple cryptocurrency wallets to hold all of the cryptocurrency that the Receiver has collected.

21. The Receiver has started the process of evaluating whether there are any claims against third parties to recover assets of the Receivership Estates. In this regard, the Receiver has received bank records and a large volume of email that he and his counsel are reviewing. In addition, the Receiver has issued multiple subpoenas to third parties for documents and deposition testimony. To date, the Receiver has not filed a lawsuit against any third parties.

22. The Receiver has taken steps to minimize ongoing Receivership Estate expenses by terminating all known recurring expenses and a business office lease in Dallas, Texas, and is working to recover any security deposits and rent pre-payments from the commercial landlord. The Receiver has not identified any other ordinary course liabilities of the Receivership Entities, apart from any potential claims held by contributors to the AriseBank ICO.

## ADMINISTRATIVE EXPENSES

23. The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership Entities. For example, the Receiver has incurred expenses for legal counsel from Jones Day and for technical consultants from Kroll. The Receiver has not yet made any disbursements but notes that both Jones Day and Kroll have incurred fees and expenses in connection with these efforts, and compensation will be sought in due course in accordance with the provisions of the Receivership Order.

24.     The Receiver has also incurred other nominal fees such as transaction costs associated with transferring the cryptocurrency to accounts controlled by the Receiver, wire transfer fees, costs associated with placing a legal hold on the Bank of America bank account, changing locks on the business office, travel and hotel costs associated with a deposition of a third party, and costs to set up the Receiver's website and toll-free phone number.

25.     The Receivership Order gives the Receiver the authority to dispose of property of the Receivership Entities in the ordinary course of business "on terms and in the manner the Receiver deems most beneficial to the Receivership Estate."  To date, the Receiver has not liquidated or disposed of any assets.  However, the Receiver anticipates that he will seek to liquidate some of the assets that may decrease in market value, such as the televisions, computers, and smart phones, to maximize the recovery amount.

26.     With respect to the cryptocurrency, market valuations have fluctuated significantly since the time of collection and likely will continue to do so.  Unless otherwise directed by the Court, however, for now the Receiver intends to continue holding the cryptocurrency in the Receiver's wallets and not liquidate it.   The Receiver will continue to assess the challenges of liquidating the cryptocurrency and make a recommendation to the Court as part of a proposed liquidation plan.

### PROPOSED PLAN FOR ADMINISTERING THE RECEIVERSHIP

27.     The reporting period covers only one month since the Receiver's appointment, and the Receiver is still in the process of identifying and securing assets of the Receivership Entities.  The Receiver believes that there are additional assets of the Receivership Entities that he has not taken possession of and may need to file lawsuits to collect all of the property that belongs to the Receivership Entities.

28. In addition, the Receiver is still early in the process of validating the contributions and investments made to the Receivership Entities based upon information collected from computers and servers and also from the information provided by people who have contacted the Receiver. Based on the information identified to date, the Receiver believes that it will take substantial effort to validate the contributions and investments and accurately determine what is owed to whom, following the resolution of the underlying case between the SEC and Defendants. At some point, the Receiver may need to engage in a proof-of-claim process.

29. Accordingly, the Receiver recommends that he be allowed to continue his investigation to locate and secure additional assets and also to validate the contributions and investments made to the Receivership Entities. The work of identifying additional assets and recovering them through negotiation or litigation must necessarily be completed before the Receiver can prepare a definitive liquidation plan. Accordingly, the Receiver estimates that he will need at least 120 days before he will be able to submit a proposed liquidation plan.

30. In accordance with the Receivership Order, the Receiver will submit another status update within thirty days after the end of the first calendar quarter and will provide additional guidance regarding the timing of a definitive liquidation plan.

Dated: February 26, 2018

Respectfully submitted,

*/s/ James Cox*

James A. Cox
Texas Bar No. 04946560
jacox@jonesday.com
Richard J. Johnson
Texas Bar No. 24088799
jjohnson@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

COUNSEL FOR COURT-APPOINTED RECEIVER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2018, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for the SEC and Jared Rice through the electronic service system. In addition, a copy was served by email on counsel for the SEC and Jared Rice.

*/s/ James Cox*
James A. Cox