IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| ARISEBANK, § | Civil Action No.: 3:18-cv-186-M |
| JARED RICE SR., and § | |
| STANLEY FORD, § | |
| § | |
| Defendants. § | |

**MOTION TO MODIFY HEARING DATE AND EXTEND TRO AS TO DEFENDANT
FORD OR IN THE ALTERNATIVE TO ENTER NEW TRO AS TO FORD**

Plaintiff SEC, moves the Court to reschedule the preliminary injunction hearing (the "PI hearing") as to Defendant Stanley Ford from March 13, 2018 to March 19, 2018.  The SEC further moves the Court to extend the TRO against Ford accordingly—through March 19.  There is good cause for this extension, as the Court-appointed Receiver—who is a necessary witness—is on a family vacation that includes the March 13 hearing date.  In the alternative, the SEC moves the Court to enter a new TRO against Ford.

**I.   The Court should reschedule the PI hearing and extend the TRO against Ford.**

On January 25, 2018, the Court issued an *ex parte* order imposing a temporary restraining order ("TRO") against the Defendants.  In keeping with FRCP 65(b)(3), the Court also scheduled a preliminary-injunction hearing for February 8, 2018.  Dkt. 11.  Pursuant to FRCP 65(b)(2) and the agreement of the parties, the Court extended the TRO through March 13, 2018 and set a hearing for that same day.  Dkt. 27, 47.  The SEC, Rice, and AriseBank—all of the parties that

have appeared in the case—then agreed to a preliminary injunction, which they moved the Court to enter on March 8.[1]  Dkt. 56.

The SEC now moves the Court to move the March 13 hearing date to March 19 and to extend the TRO against Ford accordingly.  There is good cause for this short extension.

The Receiver, Mark Rasmussen, took over AriseBank on January 26, 2018—when the TRO and Order Appointing Receiver were served on the Defendants.  Since that time, the Receiver has learned many facts about the operation of AriseBank—including Ford's involvement in and control over its operations.

Consequently, the SEC plans to tender the Receiver as a witness at the PI hearing.  His testimony is crucial to the SEC's case against Ford.  However, there is a problem.  The Receiver has already left for a spring break family vacation to Utah.  That vacation goes through the end of next week, including the currently-scheduled March 13 hearing date.  In light of this schedule conflict, good cause exists to delay the hearing until Monday, March 19, 2018.

Federal Rule of Civil Procedure 65(b) allows the Court to extend the TRO ten days "for good cause shown."  The rule does not define "good cause," and there are few cases meaningfully applying the standard.  *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F.Supp.2d 1253, 1260 (D. Kan. 2001).  Situations where courts have found good cause to extend a TRO include: (1) where the moving party, despite diligent efforts, needs additional time to prepare and present its preliminary injunction, and (2) where the moving party is continuing to attempt to serve the defendants and to procure additional information about the case.  *Id.*; *SEC v. One or More Purchasers of Call Options for the Common Stock of CNS, Inc.*, 2006 WL 3004875, *1-2 (E.D. Pa. 2006).

---

[1] An amended version of that motion is being filed in conjunction with this one.

Good cause exists here to reschedule the hearing and extend the TRO for ten days. This short extension will allow the SEC to properly present its motion without having to have the Receiver interrupt his family vacation, on which he has already departed. This is particularly appropriate here, where defendants Rice and AriseBank have communicated with the SEC to resolve issues in the case—while Ford has engaged in gamesmanship throughout, dropping in and out of communication as it suits his purposes. App. at 1-8.

## II.   In the alternative, the Court should enter a new TRO against Ford.

As detailed in the SEC's earlier request for the TRO and the PI—and more importantly, in the evidence that is already in the record—Ford was a key participant in an ongoing scheme to defraud investors.[2]  Dkt. 7-8. For instance, he was a co-founder of AriseBank—through which the scheme was carried out—and signed a letter to investors in that role. Dkt. 8 at App. 22. He was repeatedly listed as part of company leadership. *Id.* at App. 22, 28, 36, 120-21, 144, and 160. AriseBank touted offices in Dubai, where Ford resides. *Id.* at App. 9, 27, 150, and 175. And the documents containing these representations by and about Ford were available to the public on AriseBank's website. *Id.* at App. 1-5.

Since the SEC's initial filing, additional facts proving Ford's involvement in the scheme have come to light. These include that:

- Rice and Ford were previously partners in a company called DynaStack  [App. at 76-80];[3]

- Rice and Ford spoke almost every day about the business [*Id.*];

---

[2] Because these arguments have already been briefed and there is already evidence in the record regarding Ford's role in the fraud, the SEC does not restate those arguments in detail here.

[3] Notably, DynaStack has been reported as a scam on www.ripoffreport.com: https://www.ripoffreport.com/reports/dynastack-inc/dallas-texas-75201/dynastack-inc-dba-dynalyer-inc-scam-artists-jared-rice-tony-caldevilla-michelle-nosek-1132983.

- various domain names, including AriseBank.com—through which the ICO was marketed to the public and through which investors could buy AriseBank securities—are registered to Ford at a Dubai post office box and/or to his email address [*Id.*];
- Ford controlled the credentials that allowed access to AriseBank internet domains [*Id.*];
- Ford promoted the fraud to investors while using his title as AriseBank COO [App. at 9-24];
- Ford worked with Rice on AriseBank promotional materials [App. at 25-64];
- as AriseBank COO, Ford sent threatening emails to attorneys involved in Rice's family law case, in which he also spoke of "our coin offering" and "my [Ford's] plan" to take action on behalf of AriseBank [App. at 65-70];[4] and
- Ford used his @stanatarise Twitter handle to promote the fraudulent offering [App. at 71-75].[5]

The facts in the SEC's initial filings along with these additional facts make clear that it is appropriate that Ford be restrained from further fraudulent securities offering and that the other emergency relief—including the asset freeze—should stay in place.[6]  Thus, if the Court does not agree that it is appropriate to extend the current TRO and hearing date to March 19, it should enter a new TRO against Ford.  This will preserve the status quo and allow the PI hearing to be rescheduled so that the Receiver can testify.

---

[4] In the same emails, Ford falsely claimed to be "constantly in contact with the SEC."
[5] Ford's Tweets encourage investors to "join the ico" and to "[c]ontribute now."  He also claimed "$10,000,000 raised on the first day of the #AriseBank @AriseCoin #ICO."  This is unbelievable in light of the fact that Rice's accounting in this case shows confirmed ICO of contributions of only $3,236,425 over the duration of the ICO.  Dkt. 46, Ex. 6.
[6] Because the SEC laid out its legal arguments in detail in its initial filing, it does not restate those arguments here.

Dated:  March 9, 2018                    Respectfully submitted,

                                             *s/ Chris Davis*
CHRIS DAVIS
Texas Bar No. 24050483
DAVID HIRSCH
California Bar No. 207846
B. DAVID FRASER
Texas Bar No. 24012654
United States Securities and Exchange Commission
Fort Worth Regional Office
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Ph: 817-900-2638 (CD)
Fax: 917-978-4927

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2018, I electronically filed the foregoing *Motion to Modify Hearing Date* with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that on March 9, 2018, I served a true and correct copy of the foregoing document via electronic mail on the following parties and persons entitled to notice that are non-CM/ECF participants:

Stanley Ford
thestormkrow@gmail.com
*Pro Se Defendant*

                                                *s/ Chris Davis*
                                                CHRIS DAVIS

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 6 and March 9, 2018, I attempted to confer with Defendant Ford, who resides in Dubai, by emailing him at an email address known to be used by him: thestormkrow@gmail.com. This is the only method of communication by which I have ever been able to confer with him. Ford never responded to my emails.

                                                *s/ Chris Davis*
                                                CHRIS DAVIS