IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **ARISEBANK,** § Civil Action No.: 3:18-cv-186-M |
| **JARED RICE SR., and** § | |
| **STANLEY FORD,** § | |
| § | |
| **Defendants.** § | |
| § | |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND OTHER EMERGENCY AND ANCILLARY RELIEF, AND SETTING HEARING DATE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is the Motion to Modify Hearing Date and Extend TRO as to Defendant Ford or in the Alternative to Enter New TRO as to Ford [ECF No. 58], filed by Plaintiff Securities and Exchange Commission ("SEC"). On January 25, 2018, the Court issued an *ex parte* order imposing a temporary restraining order ("TRO") against Defendants AriseBank, Jared Rice Sr., and Stanley Ford, and scheduled a preliminary injunction hearing for February 8, 2018. Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Court extended the TRO through March 13, 2018, and set a preliminary injunction hearing for that same day. On March 9, 2018, the SEC, AriseBank, and Rice filed an Unopposed Motion to Enter an Agreed Preliminary Injunction. Ford did not indicate whether he agreed to the preliminary injunction. The Court granted the Unopposed Motion, entered the agreed preliminary injunction as to AriseBank and Rice, and canceled the preliminary injunction hearing set for March 13, 2018, as to AriseBank and Rice.

The SEC now moves the Court to reschedule the preliminary injunction hearing as to Ford from March 13, 2018, to March 19, 2018. The SEC argues that there is good cause to move the

hearing because Receiver Mark Rasmussen is unavailable to testify. The SEC states that the Receiver's "testimony is crucial to the SEC's case against Ford." (Mot., ECF No. 58, at 2). In the alternative, the SEC asserts that the evidence in the record satisfies the requirements for a new TRO against Ford. (*Id.* at 3).

A court may extend a TRO for "good cause." FED. R. CIV. P. 65(b). Courts have found good cause to extend TROs, for example, where the court needed "time to fully consider the various arguments and motions of the parties;" where the moving party needed additional time to prepare and present its preliminary injunction, despite diligent efforts; and where the moving party was continuing to attempt to serve the defendants and obtain more information about the case. *See, e.g., S.E.C. v. Comcoa Ltd.*, 887 F.Supp. 1521, 1526 n.7 (S.D. Fla. 1995); *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001); *SEC v. One or More Purchasers of Call Options for the Common Stock of CNS, Inc.*, 2006 WL 3004875, *1–2 (E.D. Pa. 2006).

Here, the Court need not determine whether good cause exists to extend the TRO against Ford, because the Court finds that the SEC has shown that a TRO against Ford is appropriate under Rule 65. The evidence already in the record, along with the new evidence that the SEC filed in support of its Motion to Extend the TRO satisfies the requirements for a TRO. Therefore, having considered the SEC's motion, its brief in support, its appendix (including declarations and other exhibits), the evidence already in the record, and the argument of counsel, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendant Ford, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint and in its motion.

2. There is good cause to believe that Defendant Ford has engaged, is engaged, and, unless enjoined, will continue to engage, in acts and or practices that constitute and will constitute violations of Sections 5(a), 5(c), and 17(a)(2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)(2)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

3. There is good cause to believe that Defendant Ford used improper and unlawful means to obtain investor funds and assets, as described in the SEC's Complaint, its accompanying motion and brief, and its prior filings. There is also good cause to believe that Defendant Ford may dissipate assets and, if he does, irreparable injury or harm would result to investors.

4. There is good cause to believe that the assets, in whatever form they exist, that are owned, controlled, or possessed by Defendant Ford should be frozen to preserve the status quo and to prevent any misappropriation, misapplication, dissipation, or other action taken to the detriment of investors.

5. There is good cause to believe that it is necessary to preserve and maintain the business records of Defendant Ford by prohibiting them from being moved, altered, or destroyed.

6. There is good cause to believe that it is necessary to quickly identify all assets in Defendant Ford's possession or control.

7. There is good cause to believe that Defendant Ford may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged in the SEC's Complaint and underlying motion.

8. There is good cause to believe that investor funds and assets may have been removed or transferred from the territory of the United States to another jurisdiction.

9. This proceeding is one in which the SEC seeks a preliminary injunction.

10. Expedited discovery is appropriate to permit a prompt and fair hearing on the SEC's motion for preliminary injunction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

**I.**

Defendant Ford is temporarily restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, singly or in concert with others:

   i. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell through the use or medium of any written contract, offering document, prospectus, or otherwise, any security as to which no registration statement was in effect;

   ii. for the purpose of sale or delivery after sale, carrying or causing to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities as to which no registration statement was in effect; and

   iii. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any written contract, offering document, prospectus, or otherwise, securities as to which no registration has been filed.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a)

the officers, agents, servants, employees, and attorneys of Defendant Ford; and (b) other persons in active concert or participation with Defendant Ford, or with anyone described in (a).

**II.**

Defendant Ford is temporarily restrained and enjoined from violating Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, by at least negligently obtaining money or property by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendant Ford; and (b) other persons in active concert or participation with Defendant Ford, or with anyone described in (a).

**III**.

Defendant Ford is temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, knowingly or recklessly making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendant Ford; and (b) other persons in active concert or participation with Defendant Ford, or with anyone described in (a).

## IV.

Defendant Ford is restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit and any charges on any credit card), or effecting any sale, gift, hypothecation or other disposition of any asset (tangible or intangible), pending provision of sufficient proof to the Court of sufficient funds or assets to satisfy all claims alleged in the SEC's Complaint, or the posting of a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer, financial institution, depository (or other) institution, coin exchanges, entity, or individual holding accounts or assets for or on behalf of Defendant Ford shall make no transactions in assets, securities, investments, funds, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets (excepting liquidating necessary as to wasting assets) and no disbursement of assets, securities, investments, funds, digital currencies, virtual currencies, cryptocurrencies, or any other tangible or intangible assets (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for Defendant Ford, unless otherwise ordered by this Court.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendant Ford; and (b) other persons in active concert or participation with Defendant Ford, or with anyone described in (a).

**V.**

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, financial institution, coin exchange, depository (or other) institution, entity, or individual either by United States mail, email, facsimile, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order, as if such service were personal service, to restrain and enjoin any such bank, company, institution, exchange, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Defendant Ford, or any companies or persons or entities under his control.

**VI.**

Defendant Ford, and any entities or affiliates under his control, are restrained and enjoined from destroying, removing, mutilating, altering, concealing, secreting, or disposing of, in any manner, any of their books, records, documents, accounts, account passwords, encryption passwords, computer passwords, device PINs and passwords, cryptographic keys, or any instruments, data, and papers relating in any manner to the matters set forth in the SEC's Complaint and the underlying motion and brief, unless otherwise ordered by this Court.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Defendant Ford; and (b) other persons in active concert or participation with Defendant Ford, or with anyone described in (a).

**VII.**

Defendant Ford is ordered to provide, within seven (7) calendar days of the issuance of this Order or three (3) days prior to any hearing on the SEC's motion for preliminary injunction

(whichever is first), an accounting, under oath, detailing (a) all investor monies, assets, digital currencies, virtual currencies, cryptocurrencies, securities, and other benefits received by each, directly and indirectly, as a result of the activities alleged in the SEC's Complaint and the underlying motion and brief, (b) all assets (tangible and intangible) wherever they may be located and by whomever they may be held, and (c) all accounts, virtual currency accounts, and virtual currency wallets held during the period from January 1, 2017 through the date of the accounting.

## VIII.

A.     All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas unless the person designated to provide testimony or to produce documents or things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

B.     Any party may notice and conduct depositions upon oral examination subject to minimum notice of 72 hours.

C.     All parties shall produce for inspection and copying all documents and things that are requested within 72 hours of service of a written request for those documents and things.

D.     All parties shall serve written responses to any other party's request for discovery. Responses by Defendant Ford, and the interim accounting to be provided by him, shall be sent to the SEC addressed as follows:

>United States Securities and Exchange Commission
>Fort Worth Regional Office
>Attention: Chris Davis
>Burnett Plaza, Suite 1900
>801 Cherry Street, Unit #18
>Fort Worth, TX 76102-6882

>DavisCA@SEC.gov
>Phone: (817) 978-3821
>Facsimile: (817) 978-4927

The SEC's responses shall be sent to Defendant Ford at such address(es) as may be designated by him in writing. Such delivery shall be made by the most expeditious means available, including by email and facsimile machine.

## IX.

The United States Marshal in any district in which Defendant Ford resides, transacts business, or may be found, is hereby authorized and directed to make service of process at the request of the SEC. Furthermore, the SEC is permitted to effect service of all pleadings and other papers, including court orders, by facsimile, overnight courier, email, or mail upon Defendant Ford and his agents or attorneys or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## X.

Defendant Ford shall surrender his passport to the Clerk of the Court and is barred from traveling outside the United States, until further Order of this Court.

## XI.

Defendant Ford, and his directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, shall:

(A)   take such steps as are necessary to repatriate to the territory of the United States all funds, assets, securities, investments, digital currencies, virtual currencies, and

        cryptocurrencies of investors described in the SEC's Complaint in this action which are held by them or are under their direct or indirect control, jointly or singly, and transfer such funds into the Registry of the United States District Court, Northern District of Texas; and

(B)    provide the SEC and the Court a written description of the funds, assets, securities, investments, digital currencies, virtual currencies, and cryptocurrencies so repatriated.

## XII.

The hearing on the SEC's motion for a preliminary injunction shall take place at **4:00 p.m. on Monday, March 19, 2018**, in Courtroom 1570 or at such other time or place as counsel may be heard, and that Defendant Ford shall serve any papers in opposition to the SEC's motion so as to be received by the SEC and the Court no later than **March 15, 2018, at 5:00 p.m**. Service shall be made by email to Chris Davis, Senior Trial Counsel, at DavisCA@sec.gov, and by overnight delivery of the papers to the Securities and Exchange Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit 18, Fort Worth, Texas, 76102, or such other place and person as counsel for the SEC may direct in writing, and by hand delivery of a courtesy copy to the Court and to the Clerk's Office for filing.

    **IT IS SO ORDERED,** this 9th day of March 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE