## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ARISEBANK,** | § | **Civil Action No. 3:18-cv-0186-M** |
| **JARED RICE SR., and** | § | |
| **STANLEY FORD,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### MOTION FOR REAPPOINTMENT OF THE RECEIVER
### FOR JURISDICTIONAL PURPOSES AND BRIEF IN SUPPORT

Mark W. Rasmussen, as Court-appointed receiver (the "Receiver") for the estates of Defendant AriseBank and its affiliates (collectively, the "Receivership Entities"), respectfully moves the Court for an order reappointing him as Receiver so he may satisfy 28 U.S.C. § 754, which authorizes jurisdiction over Receivership assets located in other federal districts. In support of this Motion, the Receiver states the following:

### BACKGROUND

1.      On January 25, 2018, the United States Securities and Exchange Commission (the "SEC") filed a complaint against AriseBank, Jared Rice, Sr., and Stanley Ford (the "Defendants") alleging that the Defendants participated in a scheme to defraud investors and violated federal securities laws (the "Complaint"). Dkt. 2. The SEC sought, among other relief, an order appointing a receiver for the Receivership Entities. Dkt. 6.

2.      On January 25, 2018, the Court entered an order freezing all assets, tangible and intangible, that are owned, controlled, or possessed by Defendant AriseBank ("Receivership Assets") and appointing Mark W. Rasmussen as Receiver for the estates of the Receivership Entities (the "Receivership Order").  Dkt. 12.

3.      The Receivership Order authorizes the Receiver "[t]o use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities, including, but not limited to, monies, funds, digital currencies, virtual currencies, cryptocurrencies, securities, . . . and other assets . . . ."  Receivership Order at 3.  Further, the Receivership Order authorizes the Receiver "to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto[.]" *Id*.

4.      Since the entry of the Receivership Order, the Receiver's investigation has identified Receivership Assets located in a number of other federal districts.  To discharge his mandate to "marshall[ ] and preserv[e]" Receivership Assets, the Receiver intends to initiate ancillary litigation in this Court.  *Id.* at 1.  Prior to initiating such litigation, the Receiver seeks reappointment by the Court so that he may comply with 28 U.S.C. § 754, which requires him to file certain documents in any district in which receivership assets are located within ten days of appointment.  The Receiver did not discover the possible existence and location of these assets until after the expiration of the ten-day period following his initial appointment, and therefore requests to be reappointed Receiver so that he may comply with Section 754. *See Warfield v. Arpe*, Civil Action No. 3:05-CV-1457-R, 2007 WL 549467, at *12 (N.D. Tex. Feb. 22, 2007) ("A district court may reappoint a federal equity receiver in a securities fraud case in order to 'reset' the 10-day clock under § 754.").

## RECEIVERSHIP STATUTES EXTENDING THIS COURT'S JURISDICTION

5.      To initiate litigation under federal receivership statutes to recover the Receivership Assets, a receiver must comply with 28 U.S.C. §§ 754 and 1692.  These two federal statutes operate jointly to extend the receivership court's jurisdiction over receivership assets located in other districts (and any persons in possession of such assets).  *See Warfield,* 2007 WL 549467, at *10-11.

6.      Rule 4(k)(1)(c) of the Federal Rules of Civil Procedure establishes personal jurisdiction over a defendant by serving a summons "when authorized by federal statute," which includes Section 1692.  Section 1692 authorizes nationwide service of process upon defendants that may be used to acquire personal jurisdiction over defendants in possession of receivership assets.  *See SEC v. Vision Commc'ns, Inc.*, 74 F. 3d 287, 290-91 (D.C. Cir. 1996). Section 1692 states:

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts.

7.      However, for such service to be valid, the receiver must satisfy the statutory prerequisites of Section 754.  Section 754 extends the jurisdiction of the receivership court to any territory where property of the receivership entities is located.  Specifically, Section 754 provides:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof

. . . .

3

Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.

8.     Through Sections 754 and 1692, the receivership court acquires both *in rem* and *in personam* jurisdictions in all districts where Section 754 filings are made.   *Vision Commc'ns, Inc.*, 74 F. 3d at 291.

## REAPPOINTMENT OF THE RECEIVER

9.     Section 754 thus requires the Receiver to file a copy of the Complaint and Receivership Order in the districts in which the Receivership Assets are located within ten days from the date of the Order appointing the Receiver.   Upon satisfaction of these requirements, the Receiver may pursue ancillary litigation as Receiver in this Court to recover Receivership Assets located in other districts.

10.     In this case, because the Receiver was unaware of Receivership Assets located in other districts at the time of his original appointment by this Court, he was unable to comply with Section 754's requirements.   The Receiver has undertaken an investigation and learned of the existence of additional Receivership Assets.   The Receiver seeks an order reappointing him as Receiver so he can comply with Section 754 and recover the Receivership Assets located in other districts.   This process of reappointment to permit compliance with Section 754 has been approved and used in prior cases.   *See, e.g.*, *SEC v. Bilzerian*, 378 F.3d 1100, 1105 (D.C. Cir. 2004) (*citing Vision Commc'ns*, 74 F.3d at 291) ("On remand, the court may reappoint the receiver and start the ten-day clock ticking once again."); *Terry v. June*, No. Civ. A. 3:03-CV-00047, 2003 WL 21738299, at *3 (W.D. Va. July 21, 2003) ("Courts having addressed this issue unanimously suggest that an order of reappointment will renew the ten-day filing deadline mandated by section 754."); *SEC v. Heartland Group, Inc.*, No. 01-C-

4

1984, 2003 WL 21000363, at *5 (N.D. Ill. May 2, 2003) ("[T]he court can easily correct [the Receiver's] failure to file such a claim by merely reappointing the Receiver and thereby starting the 10-day time period under § 754 ticking once more.").

ACCORDINGLY, the Receiver moves this Court for an order reappointing him as Receiver so he may serve the statutory notice in other districts within ten days pursuant to 28 U.S.C. § 754.

Dated: April 3, 2018                                    Respectfully submitted,


                                                       /s/ James A. Cox
                                                       James A. Cox
                                                       Texas Bar No. 04946560
                                                       jacox@jonesday.com
                                                       Richard J. Johnson
                                                       Texas Bar No. 24088799
                                                       jjohnson@jonesday.com
                                                       JONES DAY
                                                       2727 North Harwood Street
                                                       Dallas, TX  75201
                                                       Telephone:  (214) 220-3939
                                                       Facsimile:  (214) 969-5100

                                                       COUNSEL FOR COURT-APPOINTED
                                                       RECEIVER


## CERTIFICATE OF CONFERENCE

The SEC and Defendant Jared Rice Sr. do not oppose the relief requested. Defendant Stanley Ford did not respond to a March 30, 2018 conference request with respect to this Motion.

                                                       James A. Cox
                                                       James A. Cox

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3, 2018, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for all parties who have appeared through the electronic service system, and transmitted by email to Defendant Stanley Ford.

*James A. Cox*
James A. Cox