IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § <br> § |
| Plaintiff, | § <br> § |
| vs. | § <br> § |
| **ARISEBANK,** <br> **JARED RICE SR., and** <br> **STANLEY FORD,** | § Civil Action No. 3:18-cv-0186-M <br> § <br> § <br> § |
| Defendants. | § <br> § |

### RECEIVER'S SECOND STATUS REPORT FOR
### RECEIVERSHIP ESTATE OF ARISEBANK

Pursuant to paragraphs 53-54 of this Court's Order Appointing Receiver in this case [ECF No. 12], which was incorporated in full into the Order Reappointing Receiver [ECF No. 72] (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this second status report:

### BACKGROUND

1.  On January 25, 2018, the Securities and Exchange Commission filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the appointment of a receiver for the Receivership Entities. After reviewing the application, the Court concluded that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets, tangible and intangible, that are owned, controlled or possessed by the Receivership Entities.

2. Accordingly, on January 25, 2018, the Court entered the Receivership Order, appointing Mark Rasmussen as Receiver for Defendant AriseBank and its affiliates. That same day, the Court also entered an *ex parte* order granting a temporary restraining order, an asset freeze and other relief, and set a hearing on the SEC's motion for a preliminary injunction (the "TRO").

3. On January 26, 2018, the Court entered orders authorizing the Receiver to employ Jones Day as legal counsel and Kroll Cyber Security as a forensic and investigative consultant. Also on January 26, 2018, Defendants Jared Rice and AriseBank were served with the summons, complaint, TRO, and Receivership Order.

4. On January 26, 2018, Receiver's counsel sent via email a copy of the Receivership Order to an email controlled by Defendant Stanley Ford. On January 31, 2018, the Receiver spoke with Mr. Ford on the phone, and Mr. Ford confirmed that he had received the Receivership Order.

5. On February 5, 2018, the Court granted the unopposed motion filed by the SEC and Defendants AriseBank and Jared Rice for an order extending the TRO until February 22, 2018. On February 16, 2018, the Court granted a second unopposed motion filed by the SEC and AriseBank and Rice for an order extending the TRO until March 13, 2018. On March 9, 2018, the Court granted the SEC's unopposed motion for a preliminary injunction against AriseBank and Rice. On March 19, 2018, the Court granted the SEC's motion to use alternative means to serve Ford. That same day, the Court issued a preliminary injunction against Ford.

6. The Receivership Order requires that the Receiver file an initial status report to the Court within 30 days of the Receivership Order. In satisfaction of this requirement, the Receiver submitted the initial status report on February 26, 2018.

7. In addition, the Receivership Order requires that the Receiver file a status report within thirty days after the end of each calendar quarter. In satisfaction of this requirement, the Receiver submits this second status report.

## SUMMARY OF RECEIVERSHIP ACTIVITIES

8. As the Receiver reported in the initial status report, during the first month of the Receivership, the Receiver focused on investigating, identifying, collecting, and preparing an inventory of assets of the Receivership Entities. The following summarizes additional work the Receiver has performed since he filed the initial report.

**Asset Recovery**

9. During the past two months, the Receiver has recovered the following assets of the Receivership Entities and transferred them to the Receiver's bank account:

10. Bank of America Account: The Receiver reported in his initial status report that he had taken control of the assets in a Bank of America account. The Receiver has now transferred those assets into the Receiver's bank account. The total amount deposited from this transaction was $197,576.13.

11. Office Space Rent and Security Deposit: The Receiver has successfully terminated a commercial lease for office space—two suites in total—that AriseBank had entered. The Receiver negotiated with the landlord for the return of security deposits and an initial rent payment. The amount recovered from the landlord and deposited into the Receiver's bank account was $16,347.90.

12. Legal Retainer: The Receiver has successfully negotiated with a Dallas attorney to recover the unused portion of a retainer that AriseBank paid to the attorney. The amount recovered from the attorney and deposited into the Receiver's bank account was $1,365.00.

**Forensic Analysis**

13. The Receiver has continued his detailed examination of the electronic records of the Receivership Entities, including server data, emails, text messages, and social media messages to determine whether additional assets exist and to identify potential legal claims against third parties.

14. This is a time-intensive activity that requires the assistance of Receiver's counsel and consultants. In aid of this examination, on March 12, 2018, the Receiver moved the Court to expand the duties of Kroll to include forensic accounting work. The Court approved that motion on March 19, 2018.

15. Currently, Kroll consultants are examining information recovered from the AriseBank servers and correlating that data with public blockchain records to determine whether additional cryptocurrency belonging to the Receivership Entities exists and can be recovered.

16. In addition, the Receiver's counsel is examining electronic records to determine whether AriseBank sent assets to third parties that should be returned to the Receivership Entities and whether potential legal claims exist.

**Discovery and Litigation**

17. The Receiver has served subpoenas on approximately eleven third parties in order to identify additional assets and potential legal claims. The Receiver has received documents in response to those subpoenas and is analyzing them.

18. In addition, the Receiver, through his counsel, has taken the deposition of three individuals: Richard Smith (on February 21, 2018), Mr. Rice (on February 27, 2018), and Kurt Matthew (on March 23, 2018). Through these depositions and other work, the Receiver has learned about assets belonging to the Receivership Entities that are in the possession of Messrs. Smith and Matthew.

19. The Receiver has attempted to secure those assets through direct negotiation with Messrs. Smith and Matthew, but as of the filing of this report neither person has returned any assets he received. Accordingly, on April 24, 2018, the Receiver filed a lawsuit in this Court against Messrs. Smith and Matthew to recover those assets.

20. The Receiver has weighed the likelihood of prevailing on his claims and recovering assets for the Receivership against the expected costs and expenses of the litigation, and has concluded that the balance in this case favored prosecution of the claims.

21. The Receiver also has been negotiating with an additional third party regarding funds that were transferred to it in mid-January 2018 by AriseBank. The Receiver believes that this transfer of funds occurred in violation of the Texas Uniform Fraudulent Transfers Act and that fair value was not received by AriseBank for the funds. The Receiver has demanded the return of the funds but the third party to date has refused. The Receiver anticipates that he may need to file a lawsuit to recover the funds.

22. Additional actions the Receiver and his advisors have taken include, but are not limited to, the following:

   a. Maintaining the Receivership website as the primary means of communicating with the contributors to the ICO;

   b. Communicating both over the phone and in writing with contributors to the ICO to keep them updated about the status of the Receivership;

   c. Analyzing the accounting affidavit submitted by Rice;

   d. Preparing for and participating in the hearing for a preliminary injunction against Ford;

   e. Filing a motion for Reappointment of Receiver for Jurisdictional Purposes;

   f. Filing notice of the Receivership Order in ninety-four federal district courts;

    g.    Working on a framework for a claims process to submit to the Court in due course; and

    h.    Cooperating with information requests from government authorities.

## ASSETS AND LIABILITIES

23.    The Receiver's investigation of the assets and liabilities of the Receivership Entities is still ongoing. As discussed above, the Receiver is continuing to try to identify other assets by analyzing information from servers and public blockchains, issuing subpoenas to various third parties, and contacting former employees and agents of AriseBank by phone and email.

24.    To date, the Receiver has identified and secured the following assets of the Receivership Entities:

| **Asset** | **Estimated Value or Amount** |
|---|---|
| U.S. Currency | $413,911 |
| Bitcoin | 27.96 coins |
| Doge | 196,131.04 coins |
| Litecoin | 271.33 coins |
| Ether | 218.73 coins |
| Bitshares | 2,391,455.51 coins |
| PIVX | 19,413.76 coins |
| BitUSD | 3599.99 coins |
| Various computers, televisions, and smart phones | $5,000-$10,000 |

25.    As stated in the Receiver's initial report, the Receiver has taken steps to minimize ongoing Receivership Estate expenses by terminating all known and unnecessary recurring

expenses and a commercial lease in Dallas, Texas. The Receiver has not identified any other ordinary course liabilities of the Receivership Entities, apart from any potential claims held by contributors to the AriseBank ICO.

## ADMINISTRATIVE EXPENSES

26. The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership Entities. For example, the Receiver has incurred fees for legal counsel from Jones Day and for technical consultants from Kroll. The Receiver has not yet made any disbursements to Jones Day or Kroll. The Receiver will provide details about their fees in his first Quarterly Fee Application next month.

27. The Receiver paid one administrative expense of $39 out of the Receiver's bank account to allow the Receiver to access data on a third-party site that AriseBank utilized. In addition, the Receiver incurred standard transaction fees associated with transferring cryptocurrency from wallets controlled by AriseBank to wallets controlled by the Receiver.

28. These fees are mandatory payments to the owners of the computers who perform the computational work to validate transactions on a public blockchain, and are automatically collected from the cryptocurrency transferred at the time of the transaction. Accordingly, the fees came out of the Receivership's cryptocurrency assets.

29. The Receiver has also incurred other fees, including those necessary to access computer servers, wire transfer fees, travel and hotel costs associated with depositions, court reporter fees, and costs to set up the Receiver's website and toll-free phone number. Receiver's counsel has paid for these expenses and will seek reimbursement as part of the Receiver's first Quarterly Fee Application.

30. The Receivership Order gives the Receiver the authority to dispose of property of the Receivership Entities in the ordinary course of business "on terms and in the manner the Receiver deems most beneficial to the Receivership Estate." To date, the Receiver has not liquidated or disposed of any assets. However, the Receiver anticipates that he will soon seek authority from the Court to liquidate the televisions, computers, and smart phones.

31. With respect to the cryptocurrency held by the Receiver, market valuations have fluctuated significantly since the time of collection and likely will continue to do so. Unless otherwise directed by the Court, however, the Receiver intends to continue to hold the cryptocurrency in the Receiver's wallets and anticipates seeking authority from the Court to liquidate the cryptocurrency by the time of his next status report.

**PROPOSED PLAN FOR ADMINISTERING THE RECEIVERSHIP**

32. As noted above, the Receiver is still in the process of identifying and securing assets of the Receivership Entities and has filed a lawsuit to collect property that belongs to the Receivership Entities.

33. In addition, the Receiver is still in the process of analyzing the contributions and investments made to the Receivership Entities based upon information collected from computers and servers and also from the information provided by people who have contacted the Receiver. Accordingly, the Receiver is unable to provide a list of all creditors with their addresses and the amounts of their claims at this time.

34. Based on the information identified to date, the Receiver continues to believe that it will take substantial effort to validate the contributions and investments and accurately determine what is owed to whom, following the resolution of the underlying case between the SEC and Defendants. The Receiver is working on a framework for a proof-of-claim process.

35. The Receiver recommends that the Receivership continue to allow the Receiver time to pursue claims and identify additional assets of the Receivership.  In accordance with the Receivership Order, the Receiver will submit another status update within thirty days after the end of the second calendar quarter.

| | |
|---|---|
| Dated:  April 30, 2018 | Respectfully submitted,<br><br>*/s/ James Cox*<br>James A. Cox<br>Texas Bar No. 04946560<br>jacox@jonesday.com<br>Richard J. Johnson<br>Texas Bar No. 24088799<br>jjohnson@jonesday.com<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX  75201<br>Telephone:  (214) 220-3939<br>Facsimile:  (214) 969-5100<br><br>COUNSEL FOR COURT-APPOINTED RECEIVER |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2018 foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for the SEC and Jared Rice through the electronic service system. In addition, a copy was served by email on counsel for the SEC and Jared Rice and by email and First Class Mail to Stanley Ford as indicated below:

Email:  thestormkrow@gmail.com

First Class Mail:  P.O. Box 17015, Dubai, Dubai, 17015 AE.

*/s/ James Cox*
James A. Cox