IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § | |
| Plaintiff, § § | |
| vs. § § | |
| **ARISEBANK,** § Civil Action No. 3:18-cv-0186-M | |
| **JARED RICE SR., and** § | |
| **STANLEY FORD,** § § | |
| Defendants. § § | |

**RECEIVER'S MOTION AND SUPPORTING BRIEF FOR ORDER REGARDING
PROCEDURES FOR THE SALE OF CERTAIN TANGIBLE PERSONAL PROPERTY**

Mark W. Rasmussen, as court-appointed receiver (the "Receiver") for the estate of Defendant AriseBank and its affiliates (collectively, the "Receivership Entities"), respectfully moves the Court for an order governing the procedures for the sale of certain tangible personal property owned by the Receivership Entities and collected by the Receiver (the "Tangible Personal Property"). The scope of this Motion is limited to the disposition of the tangible personal property described below, the value of which the Receiver presently estimates at $10,000 or less; the Receiver intends to address by separate motion the proposed disposition of cryptocurrency of the Receivership Entities. In support of this Motion, the Receiver states the following:

**BACKGROUND**

On January 25, 2018, the Securities and Exchange Commission filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the

appointment of a receiver for the Receivership Entities. [ECF No. 2.] That same day, the Court appointed Mark W. Rasmussen to be the Receiver over the business and assets of AriseBank and its affiliates (the "Receivership Order"). [ECF No. 12.]

Paragraph 17 of the Receivership Order authorized the Receiver to take custody, control, and possession of, among other things, all personal property of the Receivership Entities, including but not limited to computer equipment and electronic storage devices. [*Id.*]

Pursuant to the Receivership Order, on and after January 26, 2018, the Receiver collected the following tangible personal property of the Receivership Entities (together, the "Tangible Personal Property"):

1. Six (6) 43" Vizio televisions
2. One (1) Apple MacBook Pro notebook computer
3. One (1) Samsung Galaxy cellular phone
4. Five (5) Apple iPhone cellular phones (various models)
5. One (1) Apple watch
6. One (1) Fossil smart watch

In accordance with 28 U.S.C. §§ 2001 and 2004, as outlined below, the Receiver requests entry of an order setting forth the specific methods and procedures, prospectively, by which the Tangible Personal Property may be sold.

## ARGUMENTS AND AUTHORITIES

A receiver is an officer of the court and acts as its agent with respect to the administration of property. *Federal Savings & Loan Ins. Co. v. PSL Realty Co.*, 630 F. 2d 515, 521 (7th Cir. 1980) ("The receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court."); *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994). As agents of the court, receivers are therefore authorized to petition the

appointing court on matters related to the administration of the receivership property. *Gaskill*, 27 F.3d at 251; *PSL Realty Co.*, 630 F.2d at 521.

While case law involving district court administration of an equity receivership is "sparse," two basic principles emerge from cases involving receiverships. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). First, district courts are given "extremely broad" discretion to "determine the appropriate action to be taken in the administration of the receivership." *Id.* Second, a "primary purpose" of receiverships is to promote the orderly and efficient administration of the estate. *Id.* Thus, actions by a court supervising a receivership will not be disturbed unless there is a clear showing of abuse. *SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) (citing *SEC v. Arkansas Loan & Thrift Corp.*, 427 F.2d 1171, 1172 (8th Cir. 1980)).

## **REQUESTED PROCEDURES**

The Receiver is now prepared to proceed with the sale of the Tangible Personal Property with the goal of realizing the highest value for each asset. In this regard, the Receiver proposes use of the following procedures.

The Receiver recommends selling all Tangible Personal Property currently in his possession as well as any additional tangible personal property hereafter acquired, in accordance with the procedures set forth herein. The receivership estate will suffer unnecessary delay and expense if the Receiver files a petition with this Court each time he seeks to sell an item of Tangible Personal Property. Additionally, the Receiver seeks to avoid burdening the Court with routine and ministerial receivership matters if an acceptable procedure for disposition of the Tangible Personal Property can be established. Accordingly, the Receiver proposes disposing of

Tangible Personal Property that may exceed $1,500 in value[1] in accordance with one of the following procedures: Private Sale, Auction, or Abandonment.

With respect to all manners of sale listed below, none of the parties to this lawsuit or the Receiver, their agents, assigns, or employees may purchase any of the Tangible Personal Property.

**1.      Private Sale**

The Receiver seeks authorization to liquidate at a private sale the Tangible Personal Property in the possession of the Receiver in accordance with the following procedures:

a.      The Receiver shall sell the Tangible Personal Property at a private sale conducted by the Receiver or his staff or agents at which the Tangible Personal Property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The Tangible Personal Property need not be sold for the asking price, but may be sold at any price at or above the reserve price.

b.      The Receiver will conduct the private sale in a location and provide such advertising as is appropriate in the opinion of the Receiver, if any, given the nature and condition of the property to be sold. Sales on E-Bay, or other similar public forums, are specifically authorized, as deemed appropriate in the Receiver's discretion.

---

[1] As provided below, the Receiver requests authorization to utilize his discretion in abandoning or selling Personal Property valued at less than $1,500, without further notice to the Court, but shall include a list of all such property sold or abandoned in appropriate periodic reports and in his Final Report.

      c.      The Receiver shall pay from the assets that are owned, controlled, or possessed by Defendant AriseBank ("Receivership Assets") all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**2.**      **<u>Abandonment</u>**

In the event the Receiver is unable to sell an item of Tangible Personal Property under the procedures described herein, or if the property is valued at less than $1,500 and the Receiver believes costs associated with an attempted sale will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction. If the interest held by the Receiver is that of a lessee, or if the Tangible Personal Property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the Tangible Personal Property, the Receiver may surrender the property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any abandoned property in his Final Report.

**3.**      **<u>Auction</u>**

In lieu of, or in addition to, a private sale, the Receiver seeks authorization to liquidate at a public auction Tangible Personal Property in the possession of the Receiver in accordance with the following procedures:

      a.      The Receiver shall determine, in his discretion, which Tangible Personal Property should be sold by auction so as to obtain the highest net return on the Tangible Personal Property. The Receiver shall sell the Tangible Personal Property to the highest bidder at a public auction conducted by an established auctioneer. The Receiver will provide such advertising, if

any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

   b. The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

   c. Notice of the terms of the sale will be included in the Receiver's periodic reports to the Court.

  **4.** **Notice of Intended Disposition**

At least ten (10) days prior to any sale, abandonment, or auction or Tangible Personal Property, the Receiver shall file a written notice of the intended sale, abandonment, or auction. The notice shall describe the property to be sold, abandoned, or auctioned and the manner in which it will be sold, abandoned, or auctioned.

  **5.** **Execution of Certificates of Title**

The Receiver also requests authorization to execute any certificate of title, assignment, bill of sale, or any other document necessary to effectuate the transfer of title to any Tangible Personal Property sold pursuant to the procedures outlines above.

## CONCLUSION

For the reasons set forth herein, the Receiver respectfully requests that the Court enter an order approving the procedures outlined above.

Dated:   July 27, 2018                                        Respectfully submitted,

                                                              */s/ James A. Cox*
                                                              James A. Cox
                                                              Texas Bar No. 04946560
                                                              jacox@jonesday.com
                                                              Richard J. Johnson
                                                              Texas Bar No. 24088799
                                                              jjohnson@jonesday.com
                                                              JONES DAY
                                                              2727 North Harwood Street
                                                              Dallas, TX  75201
                                                              Telephone:  (214) 220-3939
                                                              Facsimile:  (214) 969-5100

                                                              COUNSEL TO RECEIVER

## CERTIFICATE OF CONFERENCE

The SEC does not oppose the relief requested.  Counsel for Defendant Jared Rice Sr. and Defendant Stanley Ford did not respond to a conference request with respect to this Motion.

                                                              */s/ James A. Cox*
                                                              James A. Cox

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2018, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for the SEC and Jared Rice through the electronic service system.  In addition, a copy was served by email on Stanley Ford and counsel for the SEC and Jared Rice.

                                                              */s/ James A. Cox*
                                                              James A. Cox