**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ARISEBANK,** | § | **Civil Action No. 3:18-cv-0186-M** |
| **JARED RICE SR., and** | § | |
| **STANLEY FORD,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**RECEIVER'S THIRD STATUS REPORT FOR**
**RECEIVERSHIP ESTATE OF ARISEBANK**

Pursuant to paragraphs 53-54 of this Court's Order Appointing Receiver in this case [ECF No. 12], which was incorporated in full into the Order Reappointing Receiver [ECF No. 72] (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this third status report:

**BACKGROUND**

1.      On January 25, 2018, the Securities and Exchange Commission filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the appointment of a receiver for the Receivership Entities.  After reviewing the application, the Court concluded that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets, tangible and intangible, that are owned, controlled or possessed by the Receivership Entities.

2.      Accordingly, on January 25, 2018, the Court entered the Receivership Order, appointing Mark Rasmussen as Receiver for Defendant AriseBank and its affiliates.  That same day, the Court also entered an *ex parte* order granting a temporary restraining order, an asset freeze and other relief, and set a hearing on the SEC's motion for a preliminary injunction (the "TRO").

3.      On January 26, 2018, the Court entered orders authorizing the Receiver to employ Jones Day as legal counsel and Kroll Cyber Security as a forensic and investigative consultant. Also on January 26, 2018, Defendants Jared Rice and AriseBank were served with the summons, complaint, TRO, and Receivership Order.

4.      On January 26, 2018, Receiver's counsel sent via email a copy of the Receivership Order to an email controlled by Defendant Stanley Ford.  On January 31, 2018, the Receiver spoke with Mr. Ford on the phone, and Mr. Ford confirmed that he had received the Receivership Order.

5.      On February 5, 2018, the Court granted the unopposed motion filed by the SEC and Defendants AriseBank and Jared Rice for an order extending the TRO until February 22, 2018. On February 16, 2018, the Court granted a second unopposed motion filed by the SEC and AriseBank and Rice for an order extending the TRO until March 13, 2018.  On March 9, 2018, the Court granted the SEC's unopposed motion for a preliminary injunction against AriseBank and Rice.  On March 19, 2018, the Court granted the SEC's motion to use alternative means to serve Ford.  That same day, the Court issued a preliminary injunction against Ford.

6.      The Receivership Order requires that the Receiver file an initial status report to the Court within 30 days of the Receivership Order.  In satisfaction of this requirement, the Receiver submitted the initial status report on February 26, 2018.

7.      In addition, the Receivership Order requires that the Receiver file a status report within thirty days after the end of each calendar quarter.  In satisfaction of this requirement, the

Receiver submitted its second status report on April 30, 2018 and now submits this third status report.

## SUMMARY OF RECEIVERSHIP ACTIVITIES

8.      As the Receiver reported in the first two status reports, during the first two months of the Receivership, the Receiver focused on investigating, identifying, collecting, and preparing an inventory of assets of the Receivership Entities.  Through those efforts, the Receiver recovered significant cryptocurrency assets, U.S. currency, and personal property, all of which are described below.

9.      During the period covered by this report, the Receiver has continued his examination of the electronic records of the Receivership Entities, including server data, emails, text messages, and social media messages to determine whether additional assets exist and to identify potential legal claims against third parties.

10.      To perform this work, the Receiver has relied on accounting and technical consultants at Kroll to perform a detailed forensic-accounting and asset-tracing analysis.  As previously reported, the Kroll consultants are examining information recovered from the AriseBank servers, wallets, and bank accounts, and are correlating that data with public blockchain records to determine whether additional cryptocurrency belonging to the Receivership Entities exists and can be recovered.

11.      Kroll is nearing the completion of this analysis.  Based on the work completed so far, it appears that most of the recoverable assets of the Receivership Entities have already been recovered by the Receiver or were conveyed to third parties whom the Receiver is pursuing through litigation .

12.     Based on an analysis of public blockchain records, it appears that a relatively small amount of unrecovered cryptocurrency that was received by the Receivership Entities is in wallets controlled by unknown parties.  The Receiver is in the process of assessing whether he can recover additional cryptocurrency from these wallets in a cost-effective manner.

13.     As previously reported, the Receiver, through his counsel, has taken the deposition of three individuals: Richard Smith (on February 21, 2018), Mr. Rice (on February 27, 2018), and Kurt Matthew (on March 23, 2018).  Through these depositions and other work, the Receiver has learned about assets belonging to the Receivership Entities that are in the possession of Messrs. Smith and Matthew.

14.     The Receiver has attempted to secure those assets through direct negotiation with Messrs. Smith and Matthew, but neither person has returned any assets he received.  Accordingly, on April 24, 2018, the Receiver filed a lawsuit in this Court against Messrs. Smith and Matthew to recover those assets, *Mark W. Rasmussen, Receiver for AriseBank v. Richard Smith, Jr. and Kurt F. Matthew, Jr.*, 18-cv-1034.

15.     On May 28, 2018, Messrs. Smith and Matthew filed answers to the complaint, denying the substance of the allegations.  This Court entered a scheduling order on June 20, 2018, setting a jury trial for the Court's three-week docket beginning June 24, 2019.  .

16.     The Receiver also has been negotiating with an additional third party regarding funds that were transferred to it in mid-January 2018 by AriseBank.  The Receiver contends that this transfer of funds occurred in violation of the Texas Uniform Fraudulent Transfers Act and that fair value was not received by AriseBank for the funds.  The Receiver has demanded the return of the funds but the third party to date has refused.  The Receiver anticipates that he may need to file a lawsuit to recover the funds.

17.     Additional actions the Receiver and his advisors have taken include, but are not limited to, the following:

      a.      Maintaining the Receivership website as the primary means of communicating with the contributors to the ICO;

      b.      Communicating both over the phone and in writing with contributors to the ICO to keep them updated about the status of the Receivership;

      c.      Serving subpoenas on third parties and negotiating with those third parties to recover addition account information;

      d.      Working on a framework for a claims process to submit to the Court in due course; and

      e.      Cooperating with information requests from government authorities.

## ASSETS AND LIABILITIES

18.     To date, the Receiver has identified and secured the following assets of the Receivership Entities:

| Asset | Estimated Value or Amount |
| --- | --- |
| U.S. Currency | $413,911 |
| Bitcoin | 27.96 coins |
| Doge | 196,131.04 coins |
| Litecoin | 271.33 coins |
| Ether | 218.73 coins |
| Bitshares | 2,391,455.51 coins |
| PIVX | 19,413.76 coins |
| BitUSD | 3599.99 coins |
| Various computers, televisions, and smart phones | $5,000-$10,000 |

19.     As stated in the Receiver's previous reports, the Receiver has taken steps to minimize ongoing Receivership Estate expenses by terminating all known and unnecessary recurring expenses and a commercial lease in Dallas, Texas.  The Receiver has not identified any other ordinary course liabilities of the Receivership Entities, apart from any potential claims held by contributors to the AriseBank ICO.

## ADMINISTRATIVE EXPENSES

20.     The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership Entities.  For example, the Receiver has incurred fees for legal counsel from Jones Day and for technical consultants from Kroll.  The Receiver submitted his first Quarterly Fee Application on May 15, 2018.

21.     The Receiver paid one administrative expense of $39 out of the Receiver's bank account to allow the Receiver to access data on a third-party site that AriseBank utilized.  In addition, the Receiver incurred standard transaction fees associated with transferring cryptocurrency from wallets controlled by AriseBank to wallets controlled by the Receiver.

22.     These fees are mandatory payments to the owners of the computers who perform the computational work to validate transactions on a public blockchain, and are automatically collected from the cryptocurrency transferred at the time of the transaction. Accordingly, the fees came out of the Receivership's cryptocurrency assets.

23.     The Receiver has also incurred other fees, including those necessary to access computer servers, wire transfer fees, travel and hotel costs associated with depositions, court reporter fees, and costs to set up the Receiver's website and toll-free phone number.  Receiver's

counsel has paid for these expenses and has sought reimbursement as part of the Receiver's first Quarterly Fee Application.

24.     The Receivership Order gives the Receiver the authority to dispose of property of the Receivership Entities in the ordinary course of business "on terms and in the manner the Receiver deems most beneficial to the Receivership Estate."  To date, the Receiver has not liquidated or disposed of any assets.  However, the Receiver filed a motion on July 27, 2018, requesting authority from the Court to liquidate the televisions, computers, and smart phones.

25.     With respect to the cryptocurrency held by the Receiver, market valuations have fluctuated significantly since the time of collection and likely will continue to do so.  The Receiver anticipates filing a motion soon to seek authority from the Court in regard to the cryptocurrency holdings.

**PROPOSED PLAN FOR ADMINISTERING THE RECEIVERSHIP**

26.     As noted above, the Receiver is still in the process of identifying and securing assets of the Receivership Entities and has filed a lawsuit to collect property that belongs to the Receivership Entities.

27.     In addition, the Receiver is still in the process of analyzing the contributions and investments made to the Receivership Entities based upon information collected from computers and servers and also from the information provided by people who have contacted the Receiver. Accordingly, the Receiver is unable to provide a list of all creditors with their addresses and the amounts of their claims at this time.

28.     Based on the information identified to date, the Receiver continues to believe that it will take substantial effort to validate the contributions and investments and accurately determine

what is owed to whom, following the resolution of the underlying case between the SEC and Defendants.  The Receiver is working on a framework for a proof-of-claim process.

29.     The Receiver recommends that the Receivership continue to allow the Receiver time to pursue claims and identify additional assets of the Receivership.  In accordance with the Receivership Order, the Receiver will submit another status update within thirty days after the end of the second calendar quarter.

Dated:   July 30, 2018                                 Respectfully submitted,

                                                       /s/ James Cox
                                                       James A. Cox
                                                       Texas Bar No. 04946560
                                                       jacox@jonesday.com
                                                       Richard J. Johnson
                                                       Texas Bar No. 24088799
                                                       jjohnson@jonesday.com
                                                       JONES DAY
                                                       2727 North Harwood Street
                                                       Dallas, TX  75201
                                                       Telephone:  (214) 220-3939
                                                       Facsimile:   (214) 969-5100

                                                       COUNSEL FOR COURT-APPOINTED
                                                       RECEIVER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2018 foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for the SEC and Jared Rice through the electronic service system. In addition, a copy was served by email on counsel for the SEC and Jared Rice and by email to Stanley Ford as indicated below:

Email:  thestormkrow@gmail.com

*/s/ James Cox*
James A. Cox