IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| **ARISEBANK,** § | Civil Action No. 3:18-cv-0186-M |
| **JARED RICE SR., and** § | |
| **STANLEY FORD,** § | |
| § | |
| Defendants. § | |
| § | |

## RECEIVER'S CERTIFIED SECOND FEE APPLICATION

Pursuant to paragraphs 58-63 of this Court's Order Appointing Receiver in this case [ECF No. 12], which was incorporated in full into the Order Reappointing Receiver [ECF No. 72] (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this certified second fee application.

### SUMMARY OF FEE REQUEST

1.  This second fee application covers April 1, 2018 to June 30, 2018 (the "Application Period") and is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission (the "Billing Instructions").

2.  The Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees and expenses for the Application Period totaling $114,909.05 to Jones Day and $121,950.65 to Kroll.

## STANDARDIZED FUND ACCOUNTING REPORT

3.  Attached as Exhibit A is the Standardized Fund Accounting Report (SFAR) for the Receivership for the Application Period.

## CASE STATUS

4.  <u>Cash on Hand</u>:  The amount of cash on hand in the Receiver's bank account is $413,875.31 as of the end of the Application Period (June 30, 2018). These funds were received by (i) taking control of the Bank of America bank account held by AriseBank ($196,211.13), (ii) securing funds obtained by Defendant Jared Rice's legal counsel, who had received the liquidated value of certain cryptocurrency assets of AriseBank ($200,000.00), (iii) recovering the unused portion of a legal retainer ($1,365.00), (iv) recovering the security deposits for office space ($16,347.98); and (v) interest payments from the bank at which the Receiver established a bank account ($68.28).  The Receiver has paid a total of $117.00 in expenses during the reporting period, as detailed in paragraph 7 below.

5.  <u>Other Assets</u>: In addition to the cash on hand listed above, the Receiver has on hand the following assets.

| **Asset** | **Estimated Amount/Value** |
|---|---|
| Bitcoin | 27.96 coins |
| Doge | 196,131.04 coins |
| Litecoin | 271.33 coins |
| Ether | 218.73 coins |
| Bitshares | 2,391,455.51 coins |
| PIVX | 19,413.76 coins |
| BitUSD | 3599.99 coins |

| Various computers, televisions, and smart phones | $5,000-$10,000 |
|---|---|

6.   The Receiver has established multiple cryptocurrency wallets to hold the cryptocurrencies listed above and is in possession of the private keys associated with these wallets.

7.   Expenses: The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership. For the Application Period, most of these expenses were advanced by Jones Day (See Exhibit B at B-001 and B-019 to B-030) and by Kroll (See Exhibit C at C-001 and Exhibit D at D-006). In addition, the Receiver has paid $39.00 per month ($117.00 in total for the Application Period) out of the Receiver's bank account to allow the Receiver to access records from an online support service used by AriseBank. Those records have been helpful in the forensic accounting analysis performed by the Receiver. Also, as described in the first fee quarterly fee application, the Receiver incurred standard transaction fees associated with transferring cryptocurrency from AriseBank wallets to wallets controlled by the Receiver. These fees are mandatory payments to the owners of the computers who perform the computational work to validate transactions on a public blockchain, and are automatically collected from the cryptocurrency transferred at the time of the transaction. Accordingly, the fees came out of assets of the Receivership, and the Receiver is not seeking reimbursement for these fees.

8.   Creditor Claims: At this point, the Receiver has not promulgated a claims procedure or determined the validity of any possible creditor claims. The Receiver is still evaluating the investor contributions made to AriseBank based upon information collected from computers and

servers and also from the information provided by people who have contacted the Receiver. At present, the number of investor claims is unknown but likely is in the hundreds or low thousands.

9. The Receiver is working on formulating a creditor claims process, including procedures for (i) providing notice to potential claimants; (ii) receiving and reviewing claims, (iii) recommending to the court payment or denial of claims; and (iv) disposing of claims. To date, the Receiver has not disbursed any funds to any claimants.

10. <u>Claims Held by Receiver</u>: On April 24, 2018, the Receiver filed suit in the United States District Court for the Northern District of Texas against Richard Smith, Jr. and Kurt F. Matthew, Jr. (the "Smith Complaint"). In the Smith Complaint, the Receiver alleges that, in December 2017 and January 2018, Jared Rice Sr. transferred at least 95,000 PIVX coins, worth at that date approximately $1.3 million, to Defendant Smith in connection with the acquisition by AriseBank of a purported FDIC-insured bank. The PIVX transfers were made by Rice on behalf of AriseBank. The Receiver also alleges that Smith transferred at least USD $123,000 in funds derived from the PIVX coins to Defendant Matthew. The Receiver asserts claims against Defendants Smith and Matthew for unjust enrichment, conversion, and fraudulent transfer, and seeks return of all funds to the Receivership, together with interest and attorneys' fees as provided for by law. At the time of filing suit, the Receiver weighed the likelihood of prevailing on his claims and recovering assets for the Receivership against the expected costs and expenses of the litigation, and concluded that the balance in this case favored prosecution of the claims. The Receiver will continue to assess that balance as circumstances develop.

11. The Receiver also has continued negotiating with an additional third party regarding funds that were transferred to it in mid-January 2018 by AriseBank. The Receiver continues to believe that this transfer of funds occurred in violation of the Texas Uniform

Fraudulent Transfers Act and that fair value was not received by AriseBank for the funds. The Receiver has demanded the return of the funds but the third party to date has refused. The Receiver continues to evaluate whether to file a lawsuit to recover the funds.

12. The Receiver filed a notice of receivership in all relevant jurisdictions where assets of the Receivership are believed to be located.

## FEE APPLICATION

13. On January 25, 2018, the Securities and Exchange Commission filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the appointment of a receiver for the Receivership Entities [ECF No. 2]. That same day, the Court appointed Mark Rasmussen to be the Receiver over the business and assets of AriseBank and its affiliates [ECF No. 12]. On April 5, 2018, the Court reappointed Rasmussen to be the Receiver over the business and assets of AriseBank and its affiliates.

14. On January 26, 2018, the Court entered orders authorizing the Receiver to employ Jones Day as legal counsel [ECF No. 14] and Kroll Cyber Security as a computer forensics and investigative consultant [ECF No. 13]. Jones Day and Kroll began working on this matter on January 25, 2018. On March 19, the Court approved the Receiver's motion to extend the engagement of Kroll to include forensic accounting services [ECF No. 67].

15. The names, hours worked, hourly billing rates, and total fees of all Jones Day professionals who have billed time to this matter, including the Receiver, are listed in Exhibit B at B-018. The blended hourly billing rate of the Receiver and each Jones Day attorney working on the matter is $525. The billing rate of Jones Day timekeepers who are not attorneys is their standard rate.

16. The names, hours worked, hourly billing rates, and total fees of all Kroll professionals who have billed time to this matter are listed in Exhibit C at C-001 and 003 and Exhibit D at D-001, 006, and 011.

17. The total actual fees and expenses incurred for the Application Period are summarized as follows:

**Receiver – Fees for Application Period**

| Hours | Hourly Rate | Total Fees |
|---|---|---|
| 40.25 | $525 | $21,131.25 |

**Receiver's Counsel, Jones Day – Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 192.95 | See Ex. B at B-18 | $76,098.75 | $17,679.05 | $93,777.80 |

**Receiver's Computer Forensics Consultant, Kroll**
**Fees and Expenses for Application Period**

| Hours | Hourly Rate | Total Fees | Expenses | Fees and Expenses |
|---|---|---|---|---|
| 25.05 | $430 | $10,771.50 | $322.55 | $11,094.05 |

**Receiver's Forensic Accounting Consultant, Kroll**
**Fees and Expenses for Application Period[1]**

| Hours | Hourly Rate | Total Fees | Expenses | Fees and Expenses |
|---|---|---|---|---|
| 539.70 | See Ex. D at D-001, 006, 011 | $110,850.00 | $6.60 | $110,856.60 |

18.     The Receiver asks the Court to approve payment to Jones Day, on an interim basis, in the amount of $114,909.05 for the Application Period. The Receiver further asks the Court to approve payment to Kroll, on an interim basis, in the amount of $121,950.65 for the Application Period.

19.     In accordance with the Billing Instructions, the Receiver and his advisors have separately categorized their services by task. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period:

---

[1] Approximately 37 of the 539.70 hours incurred by Kroll's forensic accounting consultants are from March and thus outside of the Application Period. However, they were not included in the first fee application because Kroll's forensic accounting consultants had just started their work. We are therefore submitting them with this second fee application.

**Receiver and Receiver's Counsel, Jones Day**

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 87.55 | $45,963.75 |
| Asset Disposition | 8.20 | $4,305.00 |
| Business Operations | 0.75 | $393.75 |
| Case Administration | 136.50 | $46,462.50 |
| Claims Administration | 0.20 | $105.00 |
| Employee Benefits/Pensions | 0 | 0 |

**Receiver's Consultant, Kroll**

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Asset Collection and Analysis | 25.05 | $10,771.50 |
| Forensic Accounting | 539.70 | $110,850.00 |
| Status Reports | 0 | 0 |
| Case Administration | 0 | 0 |
| Litigation Consulting | 0 | 0 |

20.     Also in accordance with the Billing Instructions, the Receiver and his advisors have separately categorized the fees and expenses associated with the separately filed litigation matter, the Smith Complaint. These fees and expenses are a subset of, and included within, the total fees and expenses incurred by the Receivership as described above. The following table summarizes the fees and expenses incurred with respect to this matter during the Application Period:

**Project: Smith Complaint Litigation**

| Hours Incurred | Fees Incurred | Expenses Incurred |
|---|---|---|
| 28.3 | $12,797.50 | $2,085 |

21. This interim fee application is the second fee application that the Receiver has made. The first fee application, as amended on August 8, 2018, requested an order approving the payment of fees and expenses totaling $184,946.30 to Jones Day and $67,353.60 to Kroll. No prior orders have been entered as to any interim applications, no amounts have been allowed or disallowed, and no payments have been made.

**ARGUMENTS AND AUTHORITIES IN SUPPORT OF REQUEST**

22. This Court may award compensation for services rendered and costs expended in furtherance of the Receivership. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). When determining the amount of professional fees to award, the Court should use the lodestar method, which multiplies the number of hours reasonably expended by the reasonable hourly rate. *Id*.

23. As for the hours expended, the Court must "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *Kellstrom*, 50 F.3d at 325. As for rate, a reasonable hourly rate is determined by considering the applicant's regular rates and the prevailing rates in the community. *Id.* at 328. After calculating the lodestar amount, the Court may exercise its discretion to adjust the approved amount up or down. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 717-719 (5th Cir. 1974)

24. In support of this application, the Receiver submits the following exhibits for the Court's review.

- Exhibit B shows professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered) and expenses of Jones Day in connection with the administration of the Receivership;

- Exhibits C and D show professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered) and expenses of Kroll in connection with the administration of the Receivership; and

- Certification of Mark W. Rasmussen stating the reasonableness of the rates charged and hours billed by professionals at Jones Day and Kroll.

25. Jones Day and Kroll have charged fees that are at or below the standard billing rates for the professionals working on this matter, and those fees are at or below customary fees charged by like professionals in their respective markets. Further, Jones Day's blended rate of $525 per hour is a significant discount to the normal billing rate for the Receiver and most of the lawyers working on the matter.

26. In addition, Jones Day is not seeking reimbursement for certain expenses, including computerized research charges, photocopying charges, and research fees. Jones Day and Kroll have billed all other expenses at their actual costs with no mark-up added, and they are not seeking overhead charges. The fees and expenses sought in this application are reasonable and were necessary for the proper administration of the duties of the Receiver.

27. As explained in the status reports, the Receiver and his advisors have performed tasks that have added value to the Receivership. On January 26, 2018, the Receiver was able to collect and search computer equipment belonging to the Receivership Entities and interview Mr. Rice and three of his associates at a temporary residence in Wills Point, Texas, following the FBI's execution of a search warrant at that location.

28. Through that search and those interviews, the Receiver identified and took control of certain cryptocurrency assets. In addition, the Receiver collected other assets at the Wills

Point site and from an office site in downtown Dallas, Texas that had been leased on behalf of AriseBank.

29. Additional actions the Receiver and his advisors have taken during the Application Period include, but are not limited to, the following:

    a. Maintaining a Receiver website (arisebankreceiver.com), email address (mail@arisebankreceiver.com), and phone numbers (214-969-2950; 1-833-472-0789) so that contributors to the ICO can receive information pertaining to the receivership;

    b. Communicating with contributors by phone and email;

    c. Maintaining AriseBank cryptocurrency wallets and/or accounts containing the cryptocurrencies Bitcoin, Ether, Litecoin, Dogecoin, Bitshares, BitUSD, and PIVX;

    d. Analyzing public blockchain records to trace assets received in connection with the ICO and sent out of AriseBank accounts and wallets;

    e. Analyzing AriseBank servers and communications with ICO contributors to calculate amounts contributed and recovered;

    f. Corresponding with third parties to identify transaction history and potential receivership assets;

    g. Reviewing records received from third parties to perform asset tracing analysis;

    h. Analyzing emails, text messages, and other records to evaluate potential claims against third parties;

    i. Preparing charts showing amount of assets received by AriseBank and recovered by Receiver;

    j. Communicating with government personnel and with lawyers for Mr. Rice regarding asset tracing and forensic accounting analysis;

    k. Evaluating claims and preparing complaint against third parties Smith and Matthew to recover assets of receivership;

    l. Participating in scheduling conference in regard to litigation against Smith and Matthew;

    m. Preparing discovery requests and disclosures in regard to litigation against Smith and Matthew;

  n. Analyzing the contents of select servers related to Defendants' ICO;

  o. Preparing motion to dispose of personal property assets;

  p. Negotiating with a commercial landlord to secure the return of a security deposit and rent payment;

  q. Serving subpoenas on cryptocurrency exchanges and other third parties to locate additional assets; and

  r. Filing notices of the Receivership Order in federal courts.

30. Each of these tasks was reasonably necessary to secure assets of the Receivership and to evaluate potential sources of other assets. Further, each task was performed efficiently by the Receiver or his advisors at Jones Day and Kroll.

## CONCLUSION

31. For the reasons stated, the Receiver respectfully requests that this Court enter an order approving and authorizing, on an interim basis, the payment of fees and expenses totaling $114,909.05 to Jones Day and $121,950.65 to Kroll.

Dated: August 14, 2018

Respectfully submitted,

*/s/ James Cox*
James A. Cox
Texas Bar No. 04946560
jacox@jonesday.com
Richard J. Johnson
Texas Bar No. 24088799
jjohnson@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

COUNSEL TO RECEIVER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2018, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for the SEC and Jared Rice through the electronic service system. In addition, a copy was served by email on Stanley Ford and counsel for the SEC and Jared Rice.

*/s/ James Cox*
James A. Cox