IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| § | |
| **ARISEBANK,** § | Civil Action No. 3:18-cv-0186-M |
| **JARED RICE SR., and** § | |
| **STANLEY FORD,** § | |
| § | |
| Defendants. § | |
| § | |

**RECEIVER'S NINTH STATUS REPORT FOR**
**RECEIVERSHIP ESTATE OF ARISEBANK**

Pursuant to paragraphs 53-54 of this Court's Order Appointing Receiver in this case (Dkt. 12), which was incorporated in full into the Order Reappointing Receiver (Dkt. 72) (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this Ninth Status Report covering the period of June 1, 2020 until August 31, 2020:

**SUMMARY OF RECEIVERSHIP ACTIVITIES**

*Initial Distribution to Claimants*

1.  In the Receiver's Eighth Status report, the Receiver reported on the status of the Initial Distribution to the claimants that was made pursuant to the approved Distribution Plan (Dkt. 116). As summarized in the Eighth Status Report, during the last period, the Receiver made the Initial Distribution of 50% of the Allowed Amount of valid Claims to all Claimants who had submitted the requested information.

2. Further, as of the filing of the Eighth Status Report, of the roughly 197 Claimants who had valid claims, approximately 44 had not provided the necessary information to receive the Initial Distribution, despite receiving multiple emails from the Receiver.  After the Receiver submitted the Eighth Status Report, one of those Claimants who had not provided the necessary information for the Initial Distribution responded to the Receiver's communications and provided the necessary information.

3. As a result of receiving this additional information, the Receiver was able to make the Initial Distribution to that Claimant.  With this additional payment, the Receiver distributed the following amounts of the following types of Assets, including transaction fees and wire fees that were required, as part of the Initial Distribution.

| Currency | Bitcoin | Ether | Litecoin | DOGE | Bitshares | BitUSD | USD |
|---|---|---|---|---|---|---|---|
| Amount | 3.6068 | 63.7707 | 40.615 | 16,940.25 | 337,499.30 | 1500 | $5,661 |

4. In addition to making the Initial Distribution, the Receiver continues to hold Assets in a Reserve Fund pursuant to Section 3.3 of the Distribution Plan.  The Receiver has held sufficient Assets to be able to pay the full Allowed Amount of each valid Claim in the Original Form of Currency, in the event the Court authorizes additional Distributions.

***Litigation Against Smith and Matthew***

5. As previously reported, on April 24, 2018, the Receiver filed a lawsuit in this Court against Richard Smith and Kurt Matthew to recover assets, *Mark W. Rasmussen, Receiver for AriseBank v. Richard Smith, Jr. and Kurt F. Matthew, Jr.*, No. 18-cv-1034 ("Smith Dkt.").  The Receiver and Defendant Smith reached a settlement, the terms of which were described in the parties' Joint Report on Settlement Conference.  (Smith Dkt. 29)

6. Pursuant to that settlement, the Court entered a judgment against Smith in the amount of $200,000.00. (Smith Dkt. 32) The Receiver agreed to withhold efforts to enforce that judgment to permit Smith to pay the Receivership Estate $5,000.00 initially, followed by four monthly installment payments of $5,000.00 each for a total of $25,000.00. To date, Smith has paid only the first installment of $5,000.00. Under the terms of the settlement, the Receiver is entitled to enforce the entirety of the $200,000.00 judgment because Smith has not satisfied his payment obligations under the settlement.

7. On July 27, 2020, the Receiver received notice that Smith had filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York. The Receivership Estate is listed as a creditor, and the Receiver has filed a proof of claim for amounts owed under the judgment. However, it is unlikely that the Receivership Estate will receive any payments from Smith under the bankruptcy plan submitted to the court. The Receiver will continue to monitor the bankruptcy proceedings, make any necessary filings to preserve the Receivership Estate's rights in the bankruptcy proceedings, and report any updates to the Court.

8. On January 8, 2020, the Court granted the Receiver's motion for summary judgment against Kurt Matthew and entered an judgment in the amount of $123,000.00 against Mr. Matthew, plus interest. (Smith Dkt. 34) The Receiver has not received payment from Mr. Matthew. On July 16, 2020, the Receiver served post-judgment discovery requests on Matthew, who is not represented by counsel, to determine what assets are available to pay the judgment. To date, Matthew has not acknowledged or responded to the discovery requests despite the Receiver's multiple attempts to contact him.

9. The Receiver has registered the judgment against Matthew in the U.S. District Court for the Southern District of Florida, which is where the Receiver understands Matthew resides. The Receiver will continue making efforts to contact Matthew and to locate assets for which a writ of execution might be obtained.

*Communication with the SEC on Settlement and Final Judgment*

10. The Receiver has been communicating with the United States Securities and Exchange Commission, Ft. Worth Office, about the final steps needed for the SEC to conclude its work on this case.

11. Specifically, the Receiver and the SEC have communicated regarding the terms of a proposed settlement involving AriseBank and a final judgment to be submitted to the Court for approval. The Receiver anticipates receiving a draft settlement proposal from the SEC later this month.

## PROPOSED PLAN FOR ADMINISTERING THE RECEIVERSHIP

12. The Receiver has been working with his tax advisor to determine whether there are any expected tax payments that need to be accounted for before concluding the work of the receivership. Once this tax analysis is complete, the Receiver anticipates filing a motion to approve a Second Distribution to Claimants. The precise amount of the proposed Second Distribution will be determined based on the tax analysis. The Receiver anticipates that the tax analysis will be complete and a motion filed by the end of September 2020.

| | |
|---|---|
| Dated: September 11, 2020 | Respectfully submitted,<br><br>*/s/ Richard J. Johnson*<br>Richard J. Johnson<br>Texas Bar No. 24088799<br>jjohnson@jonesday.com<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX  75201<br>Telephone:  (214) 220-3939<br>Facsimile:  (214) 969-5100<br><br>COUNSEL FOR COURT-APPOINTED RECEIVER |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 11, 2020, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on counsel for all parties, through the ECF system.

*/s/ Richard J. Johnson*
Richard J. Johnson