IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § <br> § |
| Plaintiff, | § <br> § |
| vs. | § <br> § |
| **ARISEBANK,** <br> **JARED RICE SR., and** <br> **STANLEY FORD,** | § Civil Action No. 3:18-cv-0186-M <br> § <br> § <br> § |
| Defendants. | § <br> § <br> § |

## <u>RECEIVER'S CERTIFIED SEVENTH FEE APPLICATION</u>

Pursuant to paragraphs 58-63 of this Court's Order Appointing Receiver in this case [ECF No. 12], which was incorporated in full into the Order Reappointing Receiver [ECF No. 72] (the "Receivership Order"), Mark Rasmussen, the Court-appointed Receiver for AriseBank and its affiliates (the "Receivership Entities"), files this certified seventh fee application.

### SUMMARY OF FEE REQUEST

1. This seventh fee application covers both: (1) fees and expenses incurred from July 1, 2019 to December 14, 2020 (the "Application Period") and (2) the 20% of fees and expenses held back from prior fee applications (the "Holdback Amounts"). This application is submitted in accordance with the Receivership Order, the local rules of this Court, and the Billing Instructions for Receivers in Civil Actions Commenced by the United States Securities and Exchange Commission (the "Billing Instructions").

2. The Receiver respectfully requests that this Court enter an order (1) approving and authorizing, on an interim basis, the payment to Jones Day of fees and expenses for the Application

Period totaling $61,318.59 and (2) approving and authorizing the payment to Jones Day of the Holdback Amounts totaling $87,313.42. The Receiver has spoken with the Securities and Exchange Commission ("SEC") about this application, and the SEC supports it.

### STANDARDIZED FUND ACCOUNTING REPORT

3. Attached as Exhibit A is the Standardized Fund Accounting Report ("SFAR") for the Receivership for the Application Period.

### CASE STATUS

4. <u>Cash on Hand</u>: The amount of cash on hand in the Receiver's bank account as of the end of the Application Period (December 14, 2020) was $70,424.00. Pursuant to the Court's orders approving the prior fee applications,[1] the Receiver has made payments to Jones Day for fees and expenses in the amount of $349,253.52 and to Kroll in the amount of $237,877.24.

5. <u>Other Assets</u>: In addition to the cash on hand listed above, the Receiver has on hand the following assets remaining after distributing assets to investors as described in more detail below.

| **Asset** | **Estimated Amount/Value** |
|---|---|
| Bitcoin | 1.084 coins |
| BitUSD | 599 coins |

6. <u>Expenses</u>: The Receiver has incurred administrative expenses as a result of his efforts to marshal and preserve the assets of the Receivership. For the Application Period, most of these expenses were advanced by Jones Day (See Exhibit B at B-002 and B-010). In addition, using assets of the Receivership, the Receiver paid $1,175.00 to the Receiver's tax accountant in

---

[1] ECF Nos. 92, 108-112.

connection with the 2019 tax filing and $5,926.69 to the developer and administrator of the Receiver's claims database and website.

7.  Investor Claims: On February 1, 2019, the Court entered an order that authorized a claims process, set a claims bar date, and authorized certain notice procedures. ECF No. 100. On January 23, 2020, the Court approved an Initial Distribution.[2] ECF No. 116. On October 6, 2020, the Court approved the Final Distribution. ECF No. 121. Pursuant to those orders, the Receiver has distributed the following amounts of the following types of Assets, including transaction fees and wire fees that were required:

| Currency | Bitcoin | Ether | Litecoin | DOGE | Bitshares | BitUSD | USD |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Amount | 7.2136 | 127.5414 | 81.23 | 33,880.5 | 684,899.6 | 3000 | $12,514 |

8.  Claims Held by Receiver: On April 24, 2018, the Receiver filed suit in the United States District Court for the Northern District of Texas against Richard Smith, Jr. and Kurt F. Matthew, Jr. (the "Smith Complaint"). *Mark W. Rasmussen, Receiver for AriseBank v. Richard Smith, Jr. and Kurt F. Matthew, Jr.*, No. 18-cv-1034 ("Smith Dkt."). Pursuant to a settlement with Defendant Smith, the Court entered a judgment against Smith in the amount of $200,000.00. Smith Dkt. No. 32. The Receiver agreed to withhold efforts to enforce that judgment to permit Smith to pay the Receivership Estate $5,000.00 initially, followed by four monthly installment payments of $5,000.00 each, for a total of $25,000.00. To date, Smith has paid only the first installment of $5,000.00. Under the terms of the settlement, the Receiver is entitled to enforce the entirety of the $200,000.00 judgment because Smith has not satisfied his payment obligations under the settlement. On July 27, 2020, the Receiver received notice that Smith filed for bankruptcy

---

[2] Capitalized terms not defined in this status report are defined in either the Claims Process Motion [ECF 98] or the Distribution Plan [ECF 116-1].

protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York. The Receivership Estate is listed as a creditor, and the Receiver has filed a proof of claim for amounts owed under the judgment. However, it is unlikely that the Receivership Estate will receive payments from Smith under the bankruptcy plan submitted to the court. On January 8, 2020, the Court granted the Receiver's motion for summary judgment against Kurt Matthew and entered a judgment in the amount of $123,000.00 against Matthew, plus interest. Smith Dkt. 34. The Receiver has not received payment from Matthew, and Matthew has not responded to post-judgment discovery requests.

## FEE APPLICATION

9. On January 25, 2018, the SEC filed a complaint against Defendants AriseBank, Jared Rice, Sr., and Stanley Ford, along with an application for the appointment of a receiver for the Receivership Entities. ECF No. 2. That same day, the Court appointed Mark Rasmussen to be the Receiver over the business and assets of AriseBank and its affiliates. ECF No. 12. On April 5, 2018, the Court reappointed Rasmussen to be the Receiver over the business and assets of AriseBank and its affiliates.

10. On January 26, 2018, the Court entered orders authorizing the Receiver to employ Jones Day as legal counsel and Kroll Cyber Security as a computer forensics and investigative consultant. ECF No. 13, 14. Jones Day and Kroll began working on this matter on January 25, 2018. On March 19, 2018, the Court approved the Receiver's motion to extend the engagement of Kroll to include forensic accounting services. ECF No. 67.

11. On January 29, 2019, the Receiver moved for approval of a claims process, notice procedures, and bar date. ECF No. 98. On February 1, 2019, the Court approved that motion. ECF No. 100. Over the following months, the Receiver established a database to receive claim submissions and analyzed the validity of the submitted claims. Since most of the submitted claims

included cryptocurrency, the Receiver analyzed blockchain records and records of AriseBank to determine whether the claims were valid. Upon completing his analysis, the Receiver communicated with the claimants their respective Claim Determination and Allowed Amount.

12. On December 28, 2019, the Receiver moved for approval of a proposed distribution plan. ECF No. 115. The Court approved that motion and the distribution plan, with certain modifications ("Distribution Plan"), on January 23, 2020 and authorized the Receiver to make an Initial Distribution in the amount of 50% of the Allowed Amount of all valid Claims ("Distribution Order"). ECF No. 116. Pursuant to the Distribution Order and the Distribution Plan, the Receiver established a database for Claimants to submit information the Receiver needed to distribute Assets. After receiving the requested information, the Receiver took steps to make the Initial Distribution.

13. On September 30, 2020, the Received moved for an order (1) establishing a Final Distribution Date, (2) approving a Distribution Notice and a Distribution Objection Deadline, and (3) authorizing the Final Distribution under the Distribution Plan. ECF No. 120. On October 6, 2020, the Court issued an order to establish a Final Distribution Date, approve the Distribution Notice and Distribution Objection Deadline, and authorize the Final Distribution. ECF No. 121. The Receiver has completed the Final Distribution.

14. In total, the Receiver distributed the following amounts of the following types of Assets in the Initial Distribution and Final Distribution, including transaction fees and wire fees that were required to make the two Distributions.

| Currency | Bitcoin | Ether | Litecoin | DOGE | Bitshares | BitUSD | USD |
|---|---|---|---|---|---|---|---|
| Amount | 7.2136 | 127.5414 | 81.23 | 33,880.5 | 684,899.6 | 3000 | $12,514 |

*Fees and Expenses During Application Period*

15.     The names, hours worked, hourly billing rates, and total fees of all Jones Day professionals who have billed time to this matter during the Application Period, including the Receiver, are listed in Exhibit B at B-009. The blended hourly billing rate of the Receiver and each Jones Day attorney working on the matter is $525. The billing rate of Jones Day timekeepers who are not attorneys is their standard rate.

16.     The total actual fees and expenses incurred for the Application Period are summarized as follows:

**Receiver – Fees for Application Period**

| Hours | Hourly Rate | Total Fees |
|---|---|---|
| 94.60 | $525 | $49,665.00 |

**Receiver's Counsel, Jones Day – Fees and Expenses for Application Period**

| Hours | Hourly Rates | Total Fees | Total Expenses | Fees and Expenses |
|---|---|---|---|---|
| 16.30 | $525 | $8,557.50 | $3,096.09 | $11,653.59 |

17.     In accordance with the Billing Instructions, the Receiver and his advisors have separately categorized their services by task. The following table summarizes the respective number of hours incurred relative to each task category during the Application Period:

**Receiver and Receiver's Counsel, Jones Day**

| Task Description | Hours Worked | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 4.50 | $2,362.50 |
| Asset Disposition | 0 | $0 |
| Business Operations | 0 | $0 |
| Case Administration | 14.50 | $7,612.50 |
| Claims Administration | 95.40 | $50,085.00 |
| Employee Benefits/Pensions | 0 | 0 |

18.   Also, in accordance with the Billing Instructions, the Receiver and his advisors have separately categorized the fees and expenses associated with the separately filed litigation matter. These fees and expenses are a subset of, and included within, the total fees and expenses incurred by the Receivership as described above. The following table summarizes the fees and expenses incurred with respect to this matter during the Application Period:

**Project: Smith Litigation**

| Hours Incurred | Fees Incurred | Expenses Incurred |
|---|---|---|
| 2.70 | $1,417.50 | $0 |

19.   The Receiver asks the Court to approve payment to Jones Day, on an interim basis, in the amount of $61,318.59 for the Application Period.

*Holdback Amounts*

20.   This interim fee application is the seventh fee application that the Receiver has made. The first fee application, as amended on August 8, 2018, requested an order approving the payment of fees and expenses totaling $184,946.30 to Jones Day and $67,353.60 to Kroll. That

fee application was approved on September 11, 2018. ECF No. 92. The order approving the application required the Receiver to hold back 20% of the amount approved for payment to Jones Day—$36,989.30. The Receiver made payments to Jones Day and Kroll in accordance with the order.

21. The second interim fee application, which requested an order approving the payment of fees and expenses totaling $114,909.00 to Jones Day and $121,950.00 to Kroll, was granted on August 30, 2019, subject to a 20% holdback on payment to Jones Day—$22,981.81. ECF No. 108.

22. The third interim fee application, which requested an order approving the payment of fees and expenses totaling $46,388.98 to Jones Day and $57,703.85 to Kroll, was granted on August 30, 2019, subject to a 20% holdback on payment to Jones Day—$9,277.79. ECF No. 109.

23. The fourth interim fee application, which requested an order approving the payment of fees and expenses totaling $17,436.32 to Jones Day and $3,169.79 to Kroll, was granted on August 30, 2019, subject to a 20% holdback on payments to Jones Day—$3,487.26. ECF No. 110.

24. The fifth interim fee application, which requested an order approving the payment of fees and expenses totaling $48,277.68 to Jones Day and $4,650.00 to Kroll, was granted on August 30, 2019, subject to a 20% holdback on payments to Jones Day—$9,655.54. ECF No. 111.

25. The sixth interim fee application, which requested an order approving the payment of fees and expenses totaling $24,608.61 to Jones Day and $0 to Kroll, was granted on August 30, 2019, subject to a 20% holdback on payments to Jones Day—$4,921.72. ECF No. 112.

26. In total, the Holdback Amounts across the six fee applications equal $87,313.42. The Receiver asks the Court to approve payment to Jones Day of these Holdback Amounts.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF REQUEST

27. This Court may award compensation for services rendered and costs expended in furtherance of the Receivership. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995). When determining the amount of professional fees to award, the Court should use the lodestar method, which multiplies the number of hours reasonably expended by the reasonable hourly rate. *Id.*

28. As for the hours expended, the Court must "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *Kellstrom*, 50 F.3d at 325. As for rate, a reasonable hourly rate is determined by considering the applicant's regular rates and the prevailing rates in the community. *Id.* at 328. After calculating the lodestar amount, the Court may exercise its discretion to adjust the approved amount up or down. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 717-719 (5th Cir. 1974)

29. In support of this application, the Receiver submits the following exhibits for the Court's review:

- Exhibit A is the SFAR Report;

- Exhibit B shows professional fees (including (i) the date the services were rendered, (ii) the nature of the services rendered, (iii) the time required for the performance of such services, and (iv) the fees charged for each service rendered) and expenses of Jones Day in connection with the administration of the Receivership; and

- Exhibit C is a certification of Mark W. Rasmussen stating the reasonableness of the rates charged and hours billed by professionals at Jones Day.

30. Jones Day has charged fees that are at or below the standard billing rates for the professionals working on this matter, and those fees are at or below customary fees charged by like professionals in their respective markets. Further, Jones Day's blended rate of $525 per hour

is a significant discount to the normal billing rate for the Receiver and the lawyers working on the matter. Moreover, all of the work done by the Receiver and his counsel to return assets to the claimants and communicate with the claimants—from the approval of the Initial Distribution in January 2020 through the end of the Application Period in December 2020—has been done at no cost to the Receivership Estate. The Receiver has not included any fees for that period in this application and will not be seeking approval to pay them in future applications. This amounts to tens of thousands of dollars in savings to the Receivership Estate that has been used to ensure claimants with valid and approved claims receive all of the amounts they contributed to AriseBank.

31.   In addition, Jones Day is not seeking reimbursement for certain expenses, including computerized research charges, photocopying charges, and research fees. Jones Day has billed all other expenses at their actual costs with no mark-up added, and they are not seeking overhead charges. The fees and expenses sought in this application are reasonable and were necessary for the proper administration of the duties of the Receiver.

32.   As explained in the status reports, the Receiver and his advisors have performed tasks that have added value to the Receivership. On January 26, 2018, the Receiver was able to collect and search computer equipment belonging to the Receivership Entities and interview Mr. Rice and three of his associates at a temporary residence in Wills Point, Texas, following the FBI's execution of a search warrant at that location. Through that search and those interviews, the Receiver identified and took control of certain cryptocurrency assets. In addition, the Receiver collected other assets at the Wills Point site and from an office site in downtown Dallas, Texas that had been leased on behalf of AriseBank.

33.   In addition, during the Application Period, the Receiver and his advisors analyzed and verified hundreds of Claims submitted by potential Claimants and developed a first-of-its-kind

Distribution Plan to return Assets, including Cryptocurrency Assets, to Claimants with valid Claims.  After receiving approval of the Distribution Plan, the Receiver processed the Claims and returned Assets to Claimants in the Initial Distribution and the Final Distribution.  These tasks required a high level of skill and expertise to validate claims, create a distribution process from scratch, and accurately return Assets to Claimants, including sending Cryptocurrency Assets to the Claimants' cryptocurrency wallets.

34. Each of these tasks was reasonably necessary to secure assets of the Receivership and to evaluate potential sources of other assets.  Further, each task was performed efficiently.  As a result of the efforts by the Receiver and his advisors (including Jones Day and Kroll), Claimants with Approved Claims who follow the Claims Process have received 100% of their contributions to AriseBank.  Accordingly, the Receiver believes that he should be authorized to pay the fees and expenses incurred during the Application Period, as well as the Holdback Amounts.  The Receiver will hold in reserve sufficient assets to pay off any remaining expenses necessary to conclude the Receivership, including the cost of tax preparation.

## CONCLUSION

35. For the reasons stated, the Receiver respectfully requests that this Court enter an order (1) approving and authorizing, on an interim basis, the payment to Jones Day of fees and expenses for the Application Period totaling $61,318.59 and (2) approving and authorizing the payment to Jones Day of the Holdback Amounts totaling $87,313.42.

Dated:   December 15, 2020

Respectfully submitted,

*/s/ Richard J. Johnson*

Richard J. Johnson
Texas Bar No. 24088799
jjohnson@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

COUNSEL TO RECEIVER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2020, the foregoing document was submitted to the clerk of the Court for the U.S. District Court, Northern District of Texas, and served on all counsel through the electronic service system.

>                             */s/ Richard J. Johnson*
>                             Richard J. Johnson